# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| **PHILIP VASTO**, **ZAO YANG**, **ALEX TORRES**, and **XIAOJ ZHENG**, individually and on behalf of all others similarly situated, | ) ) ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 15 C 6503 |
| | ) | |
| **CREDICO (USA) LLC**, **CROMEX INC.**, **JESSE YOUNG**, and **MEIXI XU**, | ) ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER

One day after this putative combined class and collective action was assigned to this Court's calendar, it issued a July 28 memorandum order sua sponte "because of what plainly appears to be the problematic assertion of both sets of claims in this judicial district."  As that memorandum order explained, the Complaint identified only a single gossamer thread connecting those claims to Illinois -- nothing even approaching the many threads that enabled the Lilliputians to immobilize Gulliver and fasten him to the earth.

Plaintiffs' counsel responded almost as quickly with their July 30 filing of a First Amended Class Action Complaint ("FAC") that charged Credico (USA) LLC ("Credico"), the only defendant with any Illinois presence at all, with having masterminded "a nationwide pyramid scheme, whereby a network of over 100 companies across the country, including CroMex, operate as Credico's franchisees, and contract with workers who provide face-to-face sales and marketing services for Credico's clients" (FAC ¶ 1).  Because complaint allegations

must be credited at the threshold of an action if they satisfy the "plausibility" standard created by the Twombly-Iqbal canon, that enabled the action to proceed.

Now Credico has filed its Answer to the lengthy 10-count 114-paragraph FAC, coupled with four asserted affirmative defenses ("ADs").  This memorandum order will not pause to treat with the possible deficiencies in the first three of those ADs, focusing instead on the fourth AD's invocation of 28 U.S.C. § 1404(a) to transfer this action to one of the two districts where all of the plaintiffs' activities were concentrated:  the Southern District of New York or the District of Arizona.  That issue ought to be addressed at the earliest feasible date, and the way to do that of course is for Credico to file such a motion coupled with a memorandum in support.  This action has previously been set for a next status date of October 27, 2015, but if Credico is serious in its position it should not wait until that date or for any other development in the case before advancing its Section 1404(a) contention.

_____
Milton I. Shadur
Senior United States District Judge

Date:  October 1, 2015

- 2 -