UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PHILIP VASTO, ZAO YANG, ALEX TORRES, and XIAOJ ZHENG, individually and on behalf of all others similarly situated,<br><br>                                    Plaintiffs,<br><br>     v.<br><br>CREDICO (USA) LLC, CROMEX INC., JESSE YOUNG, AND MEIXI XU,<br><br>                                    Defendants. | Case No.: 15-CV-9298 (PAE)(HBP)<br>[Rel. 15-cv-5237] |

# DEFENDANT JESSE YOUNG'S MEMORANDUM OF LAW
## IN SUPPORT OF MOTION TO DISMISS

# TABLE OF CONTENTS

**Pages**

TABLE OF AUTHORITIES ................................................................................................... ii
PRELIMINARY STATEMENT ............................................................................................ 1
LEGAL STANDARD ............................................................................................................ 2
LEGAL ARGUMENT ........................................................................................................... 4
    I.   THE FAC FAILS TO ALLEGE FACTS SUFFICIENT TO STATE A CLAIM THAT MR. YOUNG EMPLOYED PLAINTIFFS ................................................................. 4
CONCLUSION ...................................................................................................................... 7

# **TABLE OF AUTHORITIES**

Page(s)

**CASES**

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009).................................................................................................................2

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007).................................................................................................................2

*Bravo v. Eastpoint Int'l, Inc.*,
  No. 99 CV 9474 (WK), 2001 U.S. Dist. LEXIS 3647 (S.D.N.Y. Mar. 30, 2001) ...................6

*Chu Chung v. New Silver Palace Rest., Inc.*,
  272 F. Supp. 2d 314 (S.D.N.Y. 2003).....................................................................................4

*Herman v. RSR Sec. Servs. Ltd.*,
  172 F.3d 132 (2d Cir. 1999).....................................................................................................4

*Irizarry v. Catsimatidis*,
  722 F.3d 99 (2d Cir. 2013)...................................................................................................3, 4

*Keiler v. Harlequin Enters.*,
  751 F.3d 64 (2d Cir. 2014).......................................................................................................2

*Leal v. Masonry Servs., Inc.*,
  No. 12-cv-588 (DLI) (VVP), 2013 U.S. Dist. LEXIS 19142 (E.D.N.Y. Feb. 12, 2013) ..........3

*Lundy v. Catholic Health Sys. of Long Island, Inc.*,
  711 F.3d 106 (2d Cir. 2013).................................................................................................2, 3

*Ramirez v. RiverBay Corp.*,
  35 F. Supp. 3d 513 (S.D.N.Y. 2014).......................................................................................4

*Tracy v. NVR, Inc.*,
  04 CV 6541L, 2009 U.S. Dist. LEXIS 90778 (W.D.N.Y. Sept. 30, 2009) .............................5

*Walz v. 44 & X Inc.*,
  12 Civ. 5800 (CM), 2012 U.S. Dist. LEXIS 161382 (S.D.N.Y. November 7, 2012) ..............3

*Williams v. City of New York*,
  03 Civ. 5342 (RWS), 2005 U.S. Dist. LEXIS 26143 (S.D.N.Y. Nov. 1, 2005).......................2

*Wolman v. Catholic Health Sys. of Long Island*,
  10-cv-1326 (JS)(ETB), 2012 U.S. Dist. LEXIS 21654 (E.D.N.Y. Feb. 16, 2012)..............5, 6

*Zheng v. Liberty Apparel Co.*,
  355 F.3d 61 (2d Cir. 2003).......................................................................................................3

**STATUTES**

29 U.S.C. § 203(d) ..................................................................................................................3

N.Y. Lab. Law §§ 190(3) & 651(6) .......................................................................................4

**OTHER AUTHORITIES**

Fed. R. Civ. P. 12(b)(6)........................................................................................................1, 2

Fed. R. Civ. P. 8(a)(2)............................................................................................................2

Defendant Jesse Young ("Defendant" or "Mr. Young") submits this Memorandum of Law in Support of Defendant's Motion to Dismiss the First Amended Class Action Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Defendant's Motion"). A copy of the First Amended Class Action Complaint ("FAC") dated July 30, 2015 is attached as Exhibit "A" to the Declaration of Jason A. Zoldessy, Esq. in Support of Defendant's Motion.[1]

## PRELIMINARY STATEMENT

This is a putative wage-hour class and collective action in which Plaintiffs allege that they were misclassified as independent contractors and are owed unpaid minimum wage and overtime.[2] Defendant Jesse Young has been sued in his individual capacity. However, Plaintiffs have not pled any claims against Mr. Young with requisite specificity. Indeed, the 114-paragraph FAC contains only a single specific allegation about Mr. Young – that he is an adult resident of New York and the President of co-defendant Credico (USA) LLC. The absence of factual allegations against Mr. Young is not surprising because Mr. Young never employed the Plaintiffs and is not an appropriate Defendant in this case. Instead of asserting specific factual allegations about Mr. Young, Plaintiffs simply lump him together with the other named Defendants in this case (two corporate Defendants and one other individual Defendant) and attempt to parrot the applicable legal tests. This is wholly insufficient under *Iqbal/Twombly* and the pleading requirements in this District. Accordingly, the FAC should be dismissed with prejudice as against Mr. Young.

---

[1] This case was originally filed in the U.S. District Court, Northern District of Illinois. On November 25, 2015, the case was transferred to the U.S. District Court, Southern District of New York, and assigned to Your Honor. (DKT 48).

[2] Two of the named Plaintiffs also assert claims for retaliation under the Fair Labor Standards Act (FLSA) and New York Labor Law (NYLL).

## **LEGAL STANDARD**

In reviewing a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a Court must accept as true all allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *See Keiler v. Harlequin Enters.*, 751 F.3d 64, 68 (2d Cir. 2014); *see also Williams v. City of New York*, 03 Civ. 5342 (RWS), 2005 U.S. Dist. LEXIS 26143, at *5-6 (S.D.N.Y. Nov. 1, 2005) ("In considering a motion to dismiss pursuant to [Rule 12(b)(6)] the Court should construe the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor[]") (internal citations omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). As a result, legal conclusions "must be supported by factual allegations." *Id.* at 679. Accordingly, to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"Under Federal Rule of Civil Procedure 8(a)(2), a 'plausible' claim contains 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Lundy v. Catholic Health Sys. of Long Island, Inc.*, 711 F.3d 106, 114 (2d Cir. 2013) (quoting *Iqbal*, 556 U.S. at 678). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Rather, the factual allegations must "possess enough heft to show that the pleader is entitled to relief." *Id.* at 557. Thus, unless a plaintiff's well-pleaded allegations have "nudged [his] claims across the line from conceivable to plausible, [the plaintiff's] complaint must be dismissed." *Id.* at 570; *Iqbal*, 556 U.S. at 680. This standard is met when the plaintiff pleads "enough *facts* to state a

2

claim to relief that is plausible on its face." *Walz v. 44 & X Inc.*, 12 Civ. 5800 (CM), 2012 U.S. Dist. LEXIS 161382, at *12 (S.D.N.Y. November 7, 2012) (emphasis added) (dismissing putative class action discrimination allegations for failure to plead facts in support thereof) (quoting *Twombly*, 550 U.S. at 570); *see also Lundy*, 711 F.3d at 115 (dismissing FLSA claim because Plaintiff's conclusory allegations merely "invited speculation" and did "not amount to a plausible claim under the FLSA").

The FLSA defines an "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). "An entity 'employs' an individual under the FLSA if it 'suffer[s] or permit[s]' that individual to work." *Zheng v. Liberty Apparel Co.*, 355 F.3d 61, 66 (2d Cir. 2003) (quoting 29 U.S.C. § 203(g)). For an individual to be an employer, there must be more than just "[e]vidence that [the] individual is an owner or officer of a company, or otherwise makes corporate decisions that have nothing to do with an employee's function. . . . Instead, to be an 'employer,' an individual defendant must possess control over a company's actual 'operations' in a manner that relates to a plaintiff's employment." *Irizarry v. Catsimatidis*, 722 F.3d 99, 109 (2d Cir. 2013). "[T]he determination of whether an employer-employee relationship exists for purposes of the FLSA should be grounded in economic reality rather than technical concepts." *Id.* at 104 (citation and internal quotation marks omitted). The Second Circuit has established a four-factor test to determine the "economic reality" of an employment relationship: "whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Id.* at 105 (quoting *Carter v. Dutchess Community Coll.*, 735 F.2d 8, 12 (2d Cir. 1984)); *see also Leal v. Masonry Servs., Inc.*, No. 12-cv-588 (DLI) (VVP), 2013 U.S.

3

Dist. LEXIS 19142, at *2 (E.D.N.Y. Feb. 12, 2013) (applying the "economic reality" test in the context of a motion to dismiss). This set of factors is intended to be "nonexclusive and overlapping," and the factors are to be applied so as "to ensure that the economic realities test . . . is sufficiently comprehensive and flexible to give proper effect to the broad language of the FLSA." *Irizarry*, 722 F.3d at 105 (citation and internal quotation marks omitted).[3]

## LEGAL ARGUMENT

### I. THE FAC FAILS TO ALLEGE FACTS SUFFICIENT TO STATE A CLAIM THAT MR. YOUNG EMPLOYED PLAINTIFFS

Plaintiffs have failed to plead sufficient, particularized facts to support a claim that Mr. Young was their employer under any theory. The only allegation specific to Mr. Young is: "Defendant Jesse Young is an adult resident of New York. Mr. Young is the president of Credico (USA) LLC." (FAC at ¶ 24). This single allegation against Mr. Young does not even come close to the level of specificity required to proceed with FLSA and/or NYLL claims against him under *Iqbal/Twombly* and the pleading requirements in this District.

The analysis of whether an individual constitutes an employer within the meaning of the FLSA or NYLL hinges on the economic reality standard. *Irizarry v. Catsimatidis*, 722 F.3d 99, 104 (2d Cir. 2013) (internal citation omitted); *see also Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 139 (2d Cir. 1999). Courts applying the economic realities test have found that, "[g]enerally, corporate officers and owners held to be employers under the FLSA have had some direct contact with the plaintiff employee, such as personally supervising the employee's work,

---

[3] The definition of "employer" under the NYLL is "any person . . . employing any individual in any occupation, industry, trade, business or service" or "any individual . . . acting as employer." N.Y. Lab. Law §§ 190(3) & 651(6). The New York Court of Appeals has not yet answered the question of whether the test for "employer" status is the same under the FLSA and the NYLL, but courts have generally assumed that it is. *See Irizarry*, 722 F.3d at 117; *see also Ramirez v. RiverBay Corp.*, 35 F. Supp. 3d 513 (S.D.N.Y. 2014) (citing *Sethi v. Narod*, 974 F. Supp. 2d 162, 188-89 (E.D.N.Y. 2013)); *Chu Chung v. New Silver Palace Rest., Inc.*, 272 F. Supp. 2d 314, 318 n.6 (S.D.N.Y. 2003).

determining the employee's day-to-day work schedule or tasks, signing the employee's paycheck or directly hiring the employee." *Tracy v. NVR, Inc.*, 04 CV 6541L, 2009 U.S. Dist. LEXIS 90778, at *15 (W.D.N.Y. Sept. 30, 2009) *aff'd in relevant part* at 667 F. Supp. 2d 244 (W.D.N.Y. 2009).

For instance, in *Lian Lin v. Comprehensive Health Management, Inc.*, Judge Castel found allegations far more detailed than those asserted in the FAC in this case inadequate to nudge a complaint past a motion to dismiss. 08 Civ. 6519 (PKC), 2009 U.S. Dist. LEXIS 29779 (S.D.N.Y 2009). Employees of Comprehensive Health Management, Inc. ("CMHI") sued CMHI and various individual employees of CHMI, all as "employers" pursuant to the FLSA. *Id.*, at *2. The *Lian Lin* Court noted the complaint did not sufficiently allege the degree of control by each individual defendant over the "Plaintiff's hours, wages, or other terms and conditions of employment" to characterize them as "employers" pursuant to the FLSA. *Id.*

In *Wolman v. Catholic Health Sys. of Long Island*, 10-cv-1326 (JS)(ETB), 2012 U.S. Dist. LEXIS 21654, at *18 (E.D.N.Y. Feb. 16, 2012), the court dismissed the individually-named defendant because the plaintiffs failed to assert that this individual "exercised sufficient control over [them] to be considered their employer." *Id.*, at *6. In its assessment, the court focused on the following complaint allegations regarding the individually-named defendant:

> (1) he is the President, CEO, and Director of CHS....; (2) his responsibilities include 'actively managing [CHS]...,' 'mak[ing] decisions regarding benefits for the staff...,' and 'mak[ing] decisions that concern defendants' operations and significant functions, including functions related to employment, human resources, training and payroll...;' and (3) he was 'involved in creating and/or implementing of the [sic] illegal policies complained of in this case....'

*Id.* While the *Wolman* Court noted that the complaint did assert that the individually-named defendant had "at least some control over the [p]laintiffs' 'method of payment' because he was

5

involved in creating and implementing [a pay] policy," the Court nevertheless ruled that "the 'economic reality,' considering the totality of the circumstances, [was] that [the individually-named defendant] did not 'possess[] the power to control the workers in question.'" Id. In dismissing the Plaintiff's claims against the individually-named defendant, the court ruled that the complaint was devoid of any facts that he ever had contact with the lead plaintiffs or "operational control" over the employing entity. Id. (emphasis added).

Here, Plaintiffs have not alleged with any specificity that Mr. Young had *anything* to do with their terms and conditions of employment. It is quite telling that Plaintiffs do not even allege they ever had a conversation with Mr. Young. See Wolman, 2011 U.S. Dist. LEXIS 48223, at *3. There are no allegations that Mr. Young hired or fired Plaintiffs, supervised or scheduled Plaintiffs, determined Plaintiffs' rate of pay or maintained employment records. Instead, Plaintiff simply lump Mr. Young together with the other Defendants and seek to hold him liable solely by virtue of his job title for Credico, an entity which Plaintiffs claim jointly employed them. See, e.g., Lian Lin, 2009 U.S. Dist. LEXIS 29779, at *2 (dismissing complaint that "does not allege any facts regarding the positions held by the Individual Defendants or their power to control Plaintiff's hours, wages, or other terms and conditions of employment"); Bravo v. Eastpoint Int'l, Inc., No. 99 CV 9474 (WK), 2001 U.S. Dist. LEXIS 3647, at *2 (S.D.N.Y. Mar. 30, 2001) (dismissing FLSA claim against fashion designer Donna Karan as employer because plaintiffs only alleged her status as the owner and chairperson of employer company and failed to allege any facts establishing her "power to control the plaintiff workers"). This inadequate pleading is a poor substitute for properly pled allegations that Mr. Young was Plaintiffs' "employer" within the meaning of the FLSA or NYLL, a prerequisite for proceeding

against him on claims for alleged unpaid wages under either statute. Accordingly, all claims against Mr. Young should be dismissed with prejudice.

## CONCLUSION

For all the reasons set forth above, the Court should grant Defendant's Motion and dismiss Defendant from this case with prejudice.

Respectfully submitted,

Dated: March 25, 2016

By: _____
Jason A. Zoldessy
Douglas J. Klein
JACKSON LEWIS P.C.
666 Third Avenue
New York, New York 10017
Telephone: (212) 545-4000
Facsimile: (212) 972-3213

Kathryn Montgomery Moran (admitted *pro hac vice*)
Jeffrey L. Rudd (admitted *pro hac vice*)
JACKSON LEWIS P.C.
150 N. Michigan Ave., Suite 2500
Chicago, Illinois 60601
Telephone: (312) 787-4949
Facsimile: (312) 787-4995

*ATTORNEYS FOR DEFENDANT
JESSE YOUNG*