# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------x

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
PHILIP VASTO, ZAO YANG, ALEX
TORRES, and XIAOJ ZHENG, individually
and on behalf of all others similarly situated,

               Plaintiffs,

    v.

    -against-

CREDICO (USA), LLC, CROMEX INC.,
JESSE YOUNG, andAND MEIXI XU,

               Defendants.

-------------------------------------------------------x

Case No.: 15-CVcv-9298 (PAE) (HBP)
[Rel. 15-cv-5237]

## DEFENDANT CREDICO (USA), LLC'S SECOND AMENDED ANSWER TO PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT

NOW COMES Defendant Credico (USA), LLC ("Credico"), by and through its

undersigned attorneys, Jackson Lewis P.C., and for its Second Amended Answer and Affirmative

Defenses to Plaintiffs'plaintiffs' First Amended Complaint, states as follows:

## I.     INTRODUCTION

## PRELIMINARY STATEMENT

Credico develops sales and marketing campaigns for large clients across several different industries, including financial services, energy, telecommunications, and charitable organizations. Often, and as relevant to this action, Credico serves as a facilitator that connects its large, national and international clients with small, local individual sales and marketing vendors (like Cromex) who are able to provide flexible, effective, and efficient community-based and grassroots sales and marketing services. Without Credico's facilitation of these business relationships on a broad scale, such sales and marketing campaigns would be much more costly and much less efficient, if even possible at all. Because Credico simply connects local vendors with its clientele—and contrary to the allegations set forth in plaintiffs' First Amended Complaint—Credico does not exert control over the operations of the local sales or marketing vendors with which it contracts or over the individual field agents who those companies hire (or how those agents are classified and paid). For this reason, among others, plaintiffs' claims against Credico should be dismissed, and judgement should be entered in Credico's favor.

## GENERAL DENIAL

Except as otherwise expressly recognized herein, Credico denies each and every allegation contained in the First Amended Complaint, including, without limitation, any allegations contained in the preamble, headings, or subheadings of the First Amended Complaint, and specifically denies any liability to plaintiffs. Pursuant to Rule 8(d) of the Federal Rules of Civil Procedure, averments in the First Amended Complaint to which no responsive pleading is required shall be deemed as denied. Credico expressly reserves the right to seek to amend and/or supplement its Answer as may be necessary.

## ANSWERS TO SPECIFIC ALLEGATIONS IN PLAINTIFFS' FIRST AMENDED COMPLAINT

1.      This class and collective action is brought by Philip Vasto, Zao Yang, Alex Torres, and Xiaoj Zheng (collectively, "Plaintiffs"), who have worked for Credico (USA) LLC ("Credico"), Cromex Inc. ("CroMex"), Jesse Young, and Meixi Xu (collectively, "Defendants"), promoting their clients' cell phones and wireless service plans. Defendants have been operating as joint employers of Plaintiffs', and of all workers promoting Defendants' clients' cell phones and wireless service plans. Upon information and belief, Credico, from its headquarters in Chicago, Illinois, has perpetrated a nationwide pyramid scheme, whereby a network of over 100 companies across the country, including CroMex, operate as Credico's franchisees, and contract with workers who provide face-to-face sales and marketing services for Credico's clients. Credico exercises control over the day-to-day operations of the companies in its network. For example, Credico's Regional Sales Director, controlled by its Chicago headquarters, has exercised his authority to terminate a worker from CroMex.

**ANSWER:**     Credico denies the allegations of Paragraph 1.

2.      Defendants have misclassified these workers as independent contractors and, in so doing, have violated the federal Fair Labor Standard Act ("FLSA"), 29 U.S.C. §§ 201 et seq., New York Labor Law, Article 6 §§ 190 et seq., Article 19 §§ 650 et seq., and the supporting New York State Department of Labor Regulations, as well as the Arizona Wage Act, A.R.S. § 23-350, et seq., and Arizona Minimum Wage Act, A.R.S. § 23- 362 et seq., and the supporting Industrial Commission of Arizona Regulations, by failing to pay them minimum wage for all hours worked, and overtime. As a precondition of their work with Defendants, the workers are required to participate in training that can last up to several weeks. Defendants' workers are not paid at all during this training period. Upon completion of their training, Defendants' workers are required to work twelve hour shifts, six days per week, are instructed in the details of their job performance, and are monitored and reviewed frequently. Defendants pay their workers solely on a commission basis—they earn $10 for each qualified customer they sign up for their clients' services or products. As a result of Defendants' payment scheme, their workers have received an hourly rate that is less than the federal minimum wage, New York minimum wage, and Arizona minimum wage, and have not been paid overtime, although they consistently work over 40 hours in a week.

**ANSWER:**     Credico denies the allegations of Paragraph 2.

3.      Plaintiffs bring their claims under the FLSA on behalf of similarly situated workers who have worked for Defendants in other states and nationwide, who may choose to opt-in to this action pursuant to 29 U.S.C. § 216(b). Additionally, Plaintiffs bring their New York and Arizona state law claims as class actions under Rule 23 of the Federal Rules of Civil Procedure on behalf of workers who have worked for Defendants in those states. Plaintiffs seek restitution of all wages of which they were deprived, payment for their training time, and all other relief to which they are entitled.

**ANSWER:**     Credico admits that Plaintiffs purport to bring their claims under the FLSA as an

opt-in collective action pursuant to 29 U.S.C. § 216(b), and their New York and Arizona state law

claims as class actions under Rule 23 of the Federal Rules of Civil Procedure. Credico further admits that Plaintiffs seek the relief set forth in Paragraph 3. Credico denies that Plaintiffs may legally maintain a collective action or class actions against Credico and that Plaintiffs are legally entitled to the relief set forth in Paragraph 3. Credico denies the remaining allegations of Paragraph 3.

4.      Plaintiffs Vasto and Yang also bring individual claims for wrongful termination in retaliation for asserting their rights under the FLSA and New York Labor Law, in violation of the FLSA, 29 U.S.C. § 215(a)(3), and New York Labor Law, Article 20-C § 740.

**ANSWER:**      Credico admits that Plaintiffs Vasto and Yang have brought the individual claims set forth in Paragraph 4 but denies those claims and the remaining allegations of Paragraph 4.

## II.     **JURISDICTION AND VENUE**

5.      This Court has general federal question jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because the Plaintiffs have brought claims pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.

**ANSWER:**      Credico admits the allegations of Paragraph 5.

6.      This Court has supplemental jurisdiction over Plaintiffs' New York and Arizona state law claims pursuant to 28 U.S.C. § 1367 because these claims are so related to Plaintiffs' claims under the FLSA that they form part of the same case or controversy.

**ANSWER:**      Credico admits that this Court has the discretion to exercise supplemental jurisdiction over Plaintiffs' New York and Arizona state claims. Credico denies the remaining allegations of Paragraph 6.

7.      The Northern District of Illinois is the proper venue for this action pursuant to 28 U.S.C. § 1391(b)(2) because Defendant Credico is headquartered in Chicago, Illinois, where a substantial part of the events giving rise to Plaintiffs' claims occurred. Specifically, upon information and belief, from its headquarters at 525 W. Monroe Street, Suite 2350, Chicago, Illinois, Defendant Credico perpetrated a nationwide pyramid scheme, whereby a network of over 100 companies across the country, including CroMex, operate as Credico's franchisees, and contract with workers who provide face-to-face sales and marketing services for Credico's clients.

**ANSWER:**   Credico admits that its corporate headquarters is located at 525 W. Monroe St., Ste.

2350, Chicago, Illinois. Credico denies the remaining allegations of Paragraph 7.

8.   Upon information and belief, it is from its Chicago headquarters that Credico determined to classify its workers as independent contractors. As a result of this misclassification, Defendants have failed to pay these workers minimum wage and overtime pursuant to federal and state law.

**ANSWER:**   Credico denies the allegations of Paragraph 8.

9.   Upon information and belief, it is from its Chicago headquarters that Credico provides its network of franchisees with financial and legal support, and controls and manages the finances for the companies in its network.

**ANSWER:**   Credico denies the allegations of Paragraph 9.

10.   Upon information and belief, it is from its Chicago headquarters that Credico determines the criteria by which a worker can create his own business in the Credico network.

**ANSWER:**   Credico denies the allegations of Paragraph 10.

11.   Upon information and belief, it is from its Chicago headquarters that Credico created and implemented its "Management Training Program," which provides the methods by which each company in its network, including Defendant CroMex, must train its workers to provide face-to-face sales and marketing services for its clients.

**ANSWER:**   Credico denies the allegations of Paragraph 11.

12.   Upon information and belief, it is from its Chicago headquarters that Credico issues each company in its network the tablets required to provide face-to-face sales and marketing services for its clients.

**ANSWER:**   Credico admits that it or its clients provide tablets to Credico's subcontractors for

use in enrolling customers in Credico's clients' programs. Credico denies the remaining

allegations of Paragraph 12.

13.   Upon information and belief, it is from its Chicago headquarters that Credico conducts background checks on each prospective worker who interviews to provide face-to-face sales and marketing services to Defendants' clients.

**ANSWER:**    Credico denies the allegations of Paragraph 13.


14.    Credico's Regional Sales Director, who is controlled by its Chicago headquarters, terminated one of the workers providing Defendants' clients with face-to- face sales and marketing services through CroMex.

**ANSWER:**    Credico denies the allegations of Paragraph 14.


## III.    PARTIES

15.    Plaintiff Philip Vasto is an adult resident of New York. Mr. Vasto worked for Defendants promoting their clients' cell phones and wireless service plans in New York, New York, from March 2015 through May 2015.

**ANSWER:**    Credico denies that Plaintiff Philip Vasto worked for Credico. Credico is without

knowledge or information sufficient to form a belief as to the truth of the remaining allegations of

Paragraph 15.

16.    Plaintiff Zao Yang is an adult resident of New York. Mr. Yang worked for Defendants promoting their clients' cell phones and wireless service plans in New York, New York, from February 2015 through April 2015.

**ANSWER:**    Credico denies that Plaintiff Zao Yang worked for Credico. Credico is without

knowledge or information sufficient to form a belief as to the truth of the remaining allegations of

Paragraph 16.

17.    Plaintiff Alex Torres is an adult resident of New York. Mr. Torres worked for Defendants promoting their clients' cell phones and wireless service plans in New York, New York from January 2015 through March 2015, and Phoenix, Arizona, from March 2015 through June 2015.

**ANSWER:**    Credico denies that Plaintiff Alex Torres worked for Credico. Credico is without

knowledge or information sufficient to form a belief as to the truth of the remaining allegations of

Paragraph 17.

18.    Plaintiff Xiaoj ("John") Zheng is an adult resident of New York. Mr. Zheng has worked for Defendants promoting their clients' cell phones and wireless service plans in New York, New York from February 2015 to the present.

**ANSWER:**    Credico denies that Plaintiff Xiaoj Zheng worked for Credico. Credico is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 18.

19.    The above named Plaintiffs bring their claims for failure to pay minimum wage and failure to pay overtime in violation of the FLSA on behalf of all similarly situated workers nationwide, who may choose to "opt-in" to this action pursuant to the FLSA, 29 U.S.C. § 216(b).

**ANSWER:**    Credico admits that Plaintiffs purport to bring the FLSA claims described in Paragraph 19 as a collective action pursuant to 29 U.S.C. § 216(b). Credico denies that Plaintiffs can establish the FLSA claims described in Paragraph 19 or maintain such claims as a collective action. Credico denies the remaining allegations of Paragraph 19.

20.    The above named Plaintiffs also bring their claims for failure to pay minimum wage and failure to pay overtime in violation of the New York Labor Law, and the supporting New York State Department of Labor Regulations, as a Rule 23 class action, pursuant to the Federal Rules of Civil Procedure.

**ANSWER:**    Credico admits that Plaintiffs purport to bring the New York state law claims described in Paragraph 20 as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure. Credico denies that Plaintiffs can establish the New York state law claims described in Paragraph 20 or maintain such claims as a class action. Credico denies the remaining allegations of Paragraph 20.

21.    Plaintiff Alex Torres brings his claim for violation of the Arizona Wage Act and Arizona Minimum Wage Act, and the supporting Industrial Commission of Arizona Regulations, as a Rule 23 class action, pursuant to the Federal Rules of Civil Procedure.

**ANSWER:**    Credico admits that Plaintiff Alex Torres purports to bring the Arizona state law claims described in Paragraph 21 as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure. Credico denies that Alex Torres can establish the Arizona state law claims described in Paragraph 22 or maintain such claims as a class action. Credico denies the remaining allegations of Paragraph 21.

22.     Defendant Credico (USA) LLC ("Credico"), is a Delaware corporation with its principal place of business located at 525 W. Monroe Street, Suite 2350, Chicago, Illinois 60661.

**ANSWER:**    Credico admits that its principal place of business is located at 525 W. Monroe St., Ste. 2350, Chicago, Illinois 60601, and admits that it is a Delaware limited liability company. Credico denies the remaining allegations of Paragraph 22.


23.     Defendant Cromex Inc. ("CroMex"), is a New York corporation with is principal place of business located at 40 Exchange Place, Suite 600, New York, New York 10005.

**ANSWER:**    Credico is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 23.

24.     Defendant Jesse Young is an adult resident of New York. Mr. Young is the president of Credico (USA) LLC.

**ANSWER:**    Credico admits Jesse Young is an adult resident of New York. Credico denies the remaining allegations of Paragraph 24.

25.     Defendant Meixi ("Corona") Xu is an adult resident of New York. Ms. Xu is the owner and manager of CroMex. Ms. Xu supervises the workers who promote Defendants' clients' cell phones and wireless service plans.

**ANSWER:**    Credico is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 25.


## IV.    STATEMENT OF FACTS

### A.    Credico Operates a Nationwide Network of Face-to Face Sales and Marketing Companies from its Chicago Headquarters

26.     Defendant Credico contracts with companies in the telecommunications, financial services, and energy industries, as well as charitable organizations, to provide face-to-face sales and marketing services through its network of workers located throughout the country.

**ANSWER:**    Credico admits that it contracts with companies in various industries, including financial services, energy, and charitable organizations, to create sales and marketing programs for them. Credico denies the remaining allegations of Paragraph 26.

27.     Credico's clients include six Fortune 500 companies, including Verizon Communications Inc., as well as Sprint Nextel Corp.

**ANSWER**:     Credico admits that its clients include large national and international companies and that it contracts with Sprint Nextel d/b/a Sprint Solutions, Inc.  Credico otherwise denies the allegations of Paragraph 27 and denies that its clients include Verizon Communications Inc. and Sprint Nextel Corp. Credico is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 27.

28.     In order to provide services for Credico, workers must associate with one of the companies in its nationwide network.

**ANSWER**:     Credico denies the allegations of Paragraph 28.

29.     Credico determines the criteria a worker must meet in order to start his own company in the Credico network. These criteria include the number of other workers whom the potential business owner has recruited for Credico, and the amount of money the potential business owner has to start his company. Upon information and belief, once Credico determines that a worker can create his own company, it has control over the location in which the company will operate, and which Credico client its workers will provide services for.

**ANSWER**:     Credico denies the allegations of Paragraph 29.

30.     Upon information and belief, Credico receives a portion of the commissions that each of the companies in its network earn for signing up new customers for Credico's clients.

**ANSWER**:     Credico To the extent the allegations of Paragraph 30 purport to describe the rights and obligations of Credico and subcontractors under contracts between those parties, Credico respectfully states that such contracts speak for themselves.  Credico otherwise denies the allegations of Paragraph 30.

31.     Each of the companies in Credico's network must train its workers according to Credico's "Management Training Program." This program dictates the manner in which the companies train their workers, and the manner in which the workers can approach potential customers.

**ANSWER**:     Credico denies the allegations of Paragraph 31.

32.     Upon information and belief, Credico's Management Training Program also dictates the number of hour that Defendants' workers must work each week, and the manner in which Defendants' workers must be paid.

**ANSWER:**     Credico denies the allegations of Paragraph 32.

**B.     CroMex is Controlled by Credico**

33.     Defendant CroMex is one of the face-to-face sales and marketing companies in Credico's nationwide network.

**ANSWER:**     Credico denies the allegations of Paragraph ~~33.~~33, except to admit that Credico has contracted with Cromex, Inc. for the provision of community-based sales and marketing services.

34.     Defendant Meixi "Corona" Xu is the owner and manager of CroMex.

**ANSWER:**     Credico admits that Defendant Meixi "Corona" Xu is the owner of CroMex. Credico is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 34.

35.     CroMex operates its own network of companies that provide Credico's clients with face-to-face sales and marketing services through its team of workers located in New York, Maryland, Michigan, Arizona, and Nevada.

**ANSWER:**     Credico ~~is without knowledge or information sufficient to form a belief as to the truth of~~denies the allegations of Paragraph ~~35.~~35, except to admit that Credico has contracted with CroMex, Inc. and connected its clients with Cromex, Inc., which provides community-based sales and marketing services.

36.     CroMex is required to train its workers according to Credico's "Management Training Program." Upon information and belief, Credico's Management Training Program also dictates the number of hours that CroMex's workers must work each week, and the manner in which its workers must be paid.

**ANSWER:**     Credico denies the allegations of Paragraph 36.

37.     Upon information and belief, both Credico and Ms. Xu receive a portion of commissions that each of CroMex's workers earn for signing up new customers for Defendants' clients.

**ANSWER:**   ~~Credico~~To the extent the allegations of Paragraph 37 purport to describe the rights and obligations of Credico and subcontractors under contracts between those parties, Credico respectfully states that such contracts speak for themselves.   Credico otherwise denies the allegations of Paragraph ~~37.~~37 as they pertain to Credico.  Credico otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 37, and, on that basis denies them.

38.   Credico Regional Sales Director, Tommy Smith, works out of the same office space as CroMex, at 40 Exchange Place, New York, New York.

**ANSWER:**   Credico denies the allegations of Paragraph 38.

39.   Upon information and belief, Mr. Smith reports to Credico's headquarters in Chicago, Illinois.

**ANSWER:**   Credico denies the allegations of Paragraph 39.

40.   Mr. Smith frequently participates in meetings with workers contracted with CroMex in New York.

**ANSWER:**   Credico is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 40.

41.   Mr. Smith has exercised his authority to terminate workers contracted with CroMex.

**ANSWER:**   Credico is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 41.

**C.    Defendants' Failure to Pay Minimum Wage or Overtime Pursuant to the FLSA**

42.   Each of Defendants' workers is assigned to promote the products or services of a specific client. Defendants' workers approach potential customers in attempt to promote their clients' cell phones and wireless service plans.

**ANSWER:**   Credico denies the allegations of Paragraph 42.

43.     Defendants' workers perform core work that is necessary to Defendants' business, namely providing face-to-face sales and marketing services.

**ANSWER:**     Credico denies the allegations of Paragraph 43.43, except to admit that the field agents provide sales and marketing services.

44.     Defendants' workers are supervised closely by their agents. They are instructed in the details of their job performance, hours and location worked, and are monitored and reviewed frequently. Defendants set weekly sales targets for their workers, who can be terminated for failure to meet these goals.

**ANSWER:**     Credico denies the allegations of Paragraph 44.

45.     By virtue of the extensive control Defendants exert over them, and the nature of their relationship with Defendants, these workers are not independent contractors, as Defendants have classified them, but rather, all of Defendants' workers who provide face-to-face sales and marketing services on behalf of Defendants are jointly employed by Defendants.

**ANSWER:**     Credico denies the allegations of Paragraph 45.

46.     As a precondition of employment, Defendants require that their workers participate in a training period.

**ANSWER:**     Credico denies the allegations of Paragraph 46.46 as they pertain to Credico. Credico otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 46, and, on that basis denies them.

47.     Defendants' workers are not paid during this training period.

**ANSWER:**     Credico denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 47.47, and, on that basis, denies them, except to state that the agents received no compensation directly from Credico.

48.     During this required training period, Defendants' trainees shadow Defendants' workers in order to learn Defendants' standards and practices.

**ANSWER:**     Credico deniesOn information and belief, Credico admits that the vendors with which it contracts may train their field agents via a shadow method.   Credico otherwise denies

12

knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 48.48, and, on that basis, denies them.

49. The initial required training period is different for each of Defendants' workers. Training may take up to several weeks to complete.

**ANSWER:** Credico denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 49.49, and, on that basis, denies them.

50. During the training period, the workers learn Defendants' sales strategies, which they are required to employ once working for Defendants. Defendants also provide the workers with a script for use when speaking with potential customers.

**ANSWER:** Credico denies the allegations of Paragraph 50.50 as they pertain to Credico, except to admit, upon information and belief, that certain of Credico's clients will require specific language to be used or not used when a field agent interacts with potential customers in order to comply with applicable law. Credico otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 50, and on that basis denies them.

51. The workers are encouraged to sign up new customers for Defendants' clients' cell phones and wireless service plans during their training period.

**ANSWER:** Credico denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 51.51, and on that basis, denies them.

52. Once the workers complete their training, they begin working for Defendants. The workers are required to work 12 hours per day, Monday through Saturday.

**ANSWER:** Credico denies the allegations of Paragraph 52.52 as they pertain to Credico. Credico otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations, and, on that basis denies them.

53.     Defendants require their workers to report to their offices at a certain time each morning for required team meetings and training sessions. At the conclusion of these meetings, Defendants provide their workers with a tablet, which they must use to sign up new customers for Defendants' clients. Defendants then assign their workers the location to which they must report for their required shift, also referred to as a "Ride- out."

**ANSWER:**     Credico denies the allegations of Paragraph 53. 53 as they pertain to Credico. Credico otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 53, and, on that basis denies them.

54.     Defendants' workers are often accompanied during their Ride-out by a more experienced worker, who has achieved the status of "Leader." These Leaders supervise the workers during their shift.

**ANSWER:**     Credico denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 54. 54, and, on that basis, denies them.

55.     At the end of their Ride-out, the workers are required to report back to Defendants' offices by a certain time, where they must participate in additional training sessions.

**ANSWER:**     Credico denies the allegations of Paragraph 55. 55 as they pertain to Credico. Credico otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 55, and, on that basis denies them.

56.     Defendants set weekly sales targets for their workers, and track their sales numbers on a weekly basis. Defendants' workers can be terminated for failure to meet Defendants' sales targets in a given week.

**ANSWER:**     Credico denies the allegations of Paragraph 56. 56 as they pertain to Credico. Credico otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations, and, on that basis denies them.

57.     Defendants' workers are paid solely on a commission basis. They are paid $10 for each qualified customer they sign up for clients' cell phone and wireless service plans. Defendants only pay their workers a commission if the customer ultimately qualifies for the cell phone and wireless service plan.

14

**ANSWER:**   ~~Credico~~ To the extent the allegations of Paragraph 57 purport to describe the rights and obligations of subcontractors and field agents under contracts between those parties, Credico respectfully states that such contracts speak for themselves.   Credico otherwise denies the allegations of Paragraph 57.

58.   Plaintiffs worked for Defendants in New York, New York and Phoenix, Arizona.

**ANSWER:**   Credico denies the allegations of Paragraph 58.

59.   As a result of Defendants' payment scheme, their workers routinely earn an hourly rate that is less than the federal minimum wage, New York minimum wage, and Arizona minimum wage.

**ANSWER:**   Credico denies the allegations of Paragraph 59.

60.   Defendants' workers are typically required to work 72 hours per week. As a result of Defendants' payment scheme, the workers have not been paid time-and-a- half for hours worked over 40 in a single week.

**ANSWER:**   Credico denies the allegations of Paragraph 60.

**D.   Plaintiff Vasto's Termination in Retaliation for Exercising his Rights under the FLSA**

61.   Plaintiff Philip Vasto worked for Defendants from March 2015 through May 2015, promoting Sprint Assurance Wireless cell phones and wireless services to potential new customers.

**ANSWER:**   Credico denies the allegations of Paragraph 61.

62.   While working for Defendants, Mr. Vasto was closely supervised by Defendants' agents, who required him to report to their office at a certain time each day, participate in required training sessions and meetings, report to a specific location to make sales, and use Defendants' sales methods when attempting to sign up new customers.

**ANSWER:**   Credico denies the allegations of Paragraph 62.

63.   According to Defendants' sales methods, Mr. Vasto was required to approach every potential customer on his assigned street corner, regardless of whether Mr. Vasto had been previously unsuccessful in signing up that customer. Mr. Vasto was not permitted to leave his assigned street corner during his shift.

**ANSWER:**    Credico is without knowledge or information sufficient to form a belief as to the truth of the allegation that Mr. Vasto was not permitted to leave his assigned street corner during his shift. Credico denies the remaining allegations of Paragraph 63.

64.    In April 2015, Mr. Vasto approached Defendant Xu, CroMex's owner and manager, to discuss his desire to take a different approach to signing up new customers. When Ms. Xu denied his request, Mr. Vasto informed her that he did not feel he was properly classified as an independent contractor because he did not have the ability to choose his own methods for signing up customers.

**ANSWER:**    Credico is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 64.

65.    During one of his Ride-outs, Mr. Vasto left his assigned street corner to speak with a potential customer further down the street. One of Defendants' supervisors called Mr. Vasto to question why he had left his post, but he did not answer because he was speaking with the potential customer. Mr. Vasto then left the Ride-out earlier than scheduled, as he felt he had the ability to do so as an independent contractor.

**ANSWER:**    Credico is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 65.

66.    Mr. Vasto was subsequently reprimanded by Ms. Xu and Credico Regional Sales Director, Tommy Smith, for leaving his Ride-out and "complaining" about his treatment by Defendants. Mr. Smith then terminated Mr. Vasto, in retaliation for voicing and acting on his concerns about his misclassification as an independent contractor.

**ANSWER:**    Credico denies the allegations of Paragraph 66.

**E.    Plaintiff Yang's Termination in Retaliation for Exercising his Rights under the FLSA**

67.    Plaintiff Zao Yang worked for Defendants from February 2015 through April 2015, promoting Sprint Assurance Wireless cell phones and wireless services to potential new customers.

**ANSWER:**    Credico denies the allegations of Paragraph 67.

68.    While working for Defendants, Mr. Yang was closely supervised by Defendants' agents, who required him to report to their office at a certain time each day, participate in required training sessions and meetings, report to a specific location to make sales, and use Defendants' sales methods when attempting to sign up new customers.

**ANSWER:**   Credico denies the allegations of Paragraph ~~68.~~ 68 as they pertain to Credico. Credico otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations, and, on that basis denies them.

69.   According to Defendants' sales methods, Mr. Yang was required to approach every potential customer on his assigned street corner, regardless of whether he had been previously unsuccessful in signing up that customer.

**ANSWER:**   Credico denies the allegations of Paragraph ~~69.~~ 69 as they pertain to Credico. Credico otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations, and, on that basis denies them.

70.   Mr. Yang's supervisors repeatedly assigned him to a desolate area, where he was unsuccessful in signing up customers.

**ANSWER:**   Credico is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 70.

71.   Mr. Yang approached Defendant Xu, CroMex's owner and manager, to discuss his desire to take a different approach to signing up new customers, and report to a location of his choosing. When Ms. Xu denied his request, Mr. Yang informed her that he did not feel he was properly classified as an independent contractor, because he did not have the ability to choose his own methods for making sales.

**ANSWER:**   Credico is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 71.

72.   Mr. Yang was subsequently reprimanded by Ms. Xu for "complaining" about his treatment by Defendants. Ms. Xu then terminated Mr. Yang, in retaliation for voicing his concerns about his misclassification as an independent contractor.

**ANSWER:**   Credico is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 72.

## COUNT I

FAILURE TO PAY MINIMUM WAGE IN VIOLATION OF FLSA

73.     During many weeks, Plaintiffs and other workers promoting cell phones and wireless service plans for Defendants' clients fail to earn the federal minimum wage for all hours worked, particularly at the beginning of their employment when they are required to participate in unpaid training. Defendants' knowing and willful failure to pay Plaintiffs and other similarly situated individuals minimum wage violates the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. This claim is brought by Plaintiffs on behalf of a class of similarly situated individuals, i.e. individuals who have worked for Defendants promoting their clients' cell phones and wireless service plans from July 2012 to present, who may choose to "opt-in" to this case, pursuant to 29 U.S.C. § 216(b).

**ANSWER:**     Credico admits that Plaintiffs purport to bring a claim under the FLSA for failure to pay minimum wage on behalf of themselves and a purportedly class of similarly situated individuals pursuant 29 U.S.C. § 216(b). Credico denies that Plaintiffs can establish such a claim or a collective action under the FLSA and denies the remaining allegations of Paragraph 73.

## COUNT II

FAILURE TO PAY OVERTIME IN VIOLATION OF FLSA

74.     Every week, Plaintiffs and other workers promoting cell phones and wireless service plans for Defendants' clients are required to work over 40 hours. Plaintiffs and these similarly situated workers are not compensated time-and-a-half for those hours worked over 40 in one week. Defendants' knowing and willful failure to pay Plaintiffs and other similarly situated individuals overtime compensation to which they are entitled violates the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. This claim is brought on behalf of a class of similarly situated individuals, i.e. individuals who have worked for Defendants promoting their clients' cell phones and wireless service plans from July 2012 to present, who may choose to "opt-in" to this case, pursuant to 29 U.S.C. § 216(b).

**ANSWER:**     Credico admits that Plaintiffs purport to bring a claim under the FLSA for failure to pay overtime on behalf of themselves and a ~~purportedly~~purported class of similarly situated individuals pursuant 29 U.S.C. § 216(b). Credico denies that Plaintiffs can establish such a claim or a collective action under the FLSA and denies the remaining allegations of Paragraph 73.

## COUNT III

### RETALIATION IN VIOLATION OF FLSA

75.    Defendants terminated Plaintiff Philip Vasto in retaliation for his assertion that he had been misclassified as an independent contractor. Defendants' termination of Plaintiff Vasto in retaliation for his assertion of his rights under the FLSA, violates 29 U.S.C. § 201, et seq. This claim is brought individually on behalf of Plaintiff Vasto.

**ANSWER:**    Credico denies the allegations of Paragraph 75.

## COUNT IV

### RETALIATION IN VIOLATION OF FLSA

76.    Defendants terminated Plaintiff Zao Yang in retaliation for his assertion that he had been misclassified as an independent contractor. Defendants' termination of Plaintiff Yang in retaliation for his assertion of his rights under the FLSA, violates 29 U.S.C. § 201, et seq. This claim is brought individually on behalf of Plaintiff Yang.

**ANSWER:**    Credico denies the allegations of Paragraph 76.

## COUNT V

### FAILURE TO PAY MINIMUM WAGE IN VIOLATION OF NEW YORK LABOR LAW

77.    During many weeks, Plaintiffs and other workers promoting cell phones and wireless service plans in New York for Defendants' clients fail to earn the New York state minimum wage for all hours worked, particularly at the beginning of their employment when they are required to participate in unpaid training. Defendants' knowing and willful failure to pay Plaintiffs and other similarly situated individuals minimum wage violates NYLL, Article 19 §§ 650 et seq., and the supporting New York State Department of Labor Regulations.

**ANSWER:**    Credico denies the allegations of Paragraph 77.

78.    Plaintiffs bring this claim as a class action on behalf of similarly situated individuals, i.e. individuals who have worked for Defendants in New York promoting their clients' cell phones and wireless service plans from July 2009 to present, pursuant to Rule 23 of the Federal Rules of Civil Procedure.

**ANSWER:**    Credico admits that Plaintiffs purport to bring a claim under New York law on

behalf of themselves and a ~~purportedly~~purported class of similarly situated individuals pursuant

Rule 23 of the Federal Rules of Civil Procedure ._Credico denies that Plaintiffs can establish such

a claim or a class action under Rule 23 and denies the remaining allegations of Paragraph 78.

79.     The members of the New York Rule 23 class are readily ascertainable, because the number and identity of the New York Rule 23 class members are determinable from Defendants' records. For the purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under Rule 23. This action is properly maintainable as a class action under Fed. R. Civ. P. 23(a)-(b).

**ANSWER:**     Credico denies the allegations of Paragraph 79.

80.     The New York Rule 23 class members are so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. There are more than 40 New York Rule 23 Class Members.

**ANSWER:**     Credico denies the allegations of Paragraph 80.

81.     Plaintiffs' claims are typical of those claims which could be alleged by any New York Rule 23 class member, and the relief sought is typical of the relief which would be sought by each New York Rule 23 class member in separate actions. All the New York Rule 23 class members were subject to the same corporate practices of Defendants, as alleged herein, of misclassification as independent contractors and failure to pay minimum wage.

**ANSWER:**     Credico denies the allegations of Paragraph 81.

82.     Plaintiffs and other New York Rule 23 class members sustained similar losses, injuries, and damages resulting from Defendants' misclassification, and failure to pay minimum wage in compliance with the New York Labor Law. Plaintiffs and the New York Rule 23 class members have all been injured in that they have been uncompensated or under-compensated due to Defendants' common policies, practices, and patterns of conduct. Defendants' corporate-wide policies and practices affected all New York Rule 23 class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each of the New York Rule 23 class members.

**ANSWER:**     Credico denies the allegations of Paragraph 82.

83.     Plaintiffs are able to fairly and adequately protect the interests of the New York Rule 23 class members and have no interests antagonistic to the New York Rule 23 class members. Plaintiffs are represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented many plaintiffs and classes in wage and hour cases.

**ANSWER:**     Credico denies the allegations of Paragraph 83.

84.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants, and are often hesitant to assert their rights out of fear of direct or indirect retaliation. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the

unnecessary duplication of efforts and expense that numerous individual actions engender. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

**ANSWER:**   Credico denies the allegations of Paragraph 84.

85.   Common questions of law and fact exist as to the New York Rule 23 class members that predominate over any questions only affecting Plaintiffs and the New York Rule 23 class members individually. These questions include whether Defendants misclassified Plaintiffs and the New York Rule 23 class members as independent contractors, and whether they paid Plaintiffs and the New York Rule 23 class members at the proper minimum wage rate for all hours worked.

**ANSWER:**   Credico denies the allegations of Paragraph 85.

## COUNT VI

### FAILURE TO PAY OVERTIME IN VIOLATION OF NEW YORK LABOR LAW

86.   Every week, Plaintiffs and other workers promoting cell phones and wireless service plans in New York for Defendants' clients are required to work over 40 hours. Plaintiffs and these similarly situated workers are not compensated time-and-a-half for those hours worked over 40 in one week. Defendants' knowing and willful failure to pay Plaintiffs and other similarly situated individuals overtime to which they are entitled violates NYLL, Article 19, §§ 650 et seq., and the supporting New York State Department of Labor Regulations.

**ANSWER:**   Credico is without knowledge or information sufficient to form a belief as to the truth of the allegation that every week, Plaintiffs and other workers promoting cell phones and wireless service plans in New York for Defendants' clients are required to work over 40 hours. Credico denies the remaining allegations of Paragraph 86.

87.   Plaintiffs bring this claim as a class action on behalf of similarly situated individuals, i.e. individuals who have worked for Defendants in New York promoting their clients' cell phones and wireless service plans, from July 2009 to the present, pursuant to Rule 23 of the Federal Rules of Civil Procedure. This action is properly maintainable as a class action under Fed. R. Civ. P. 23(a)-(b).

**ANSWER:**   Credico admits that Plaintiffs purport to bring a claim under New York law on behalf of themselves and a ~~purportedly~~purported class of similarly situated individuals pursuant Rule 23 of the Federal Rules of Civil Procedure. Credico denies that Plaintiffs can establish such a claim or a class action under Rule 23 and denies the remaining allegations of Paragraph 87.

88.     The members of the New York Rule 23 class are readily ascertainable, because the number and identity of the New York Rule 23 class members are determinable from the Defendants' records. For the purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under Rule 23.

**ANSWER:**     Credico denies the allegations of Paragraph 88.

89.     The New York Rule 23 class members are so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. There are more than 40 New York Rule 23 Class Members.

**ANSWER:**     Credico denies the allegations of Paragraph 89.

90.     Plaintiffs' claims are typical of those claims which could be alleged by any Rule 23 class member, and the relief sought is typical of the relief which would be sought by each Rule 23 class member in separate actions. All the New York Rule 23 class members were subject to the same corporate practices of Defendants, as alleged herein, of misclassification as independent contractors and failure to pay time-and-a-half for those hours worked over 40 in one week.

**ANSWER:**     Credico denies the allegations of Paragraph 90.

91.     Plaintiffs and other New York Rule 23 class members sustained similar losses, injuries, and damages resulting from Defendants' misclassification and failure to pay time-and-a-half for those hours worked over 40 in one week, in compliance with the New York Labor Law. Plaintiffs and the New York Rule 23 class members have all been injured in that they have been uncompensated or under-compensated due to Defendants' common policies, practices, and patterns of conduct. Defendants' corporate-wide policies and practices affected all New York Rule 23 class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each of the New York Rule 23 class members.

**ANSWER:**     Credico denies the allegations of Paragraph 91.

92.     Plaintiffs are able to fairly and adequately protect the interests of the New York Rule 23 class members and have no interests antagonistic to the New York Rule 23 class members. Plaintiffs are represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented many plaintiffs and classes in wage and hour cases.

**ANSWER:**     Credico denies the allegations of Paragraph 92.

93.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants, and are often hesitant to assert their rights out of fear of direct or indirect retaliation. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. The

issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

**ANSWER:**     Credico denies the allegations of Paragraph 93.

94.     Common questions of law and fact exist as to the New York Rule 23 class members that predominate over any questions only affecting Plaintiffs and the New York Rule 23 class members individually. These questions include whether Defendants misclassified Plaintiffs and the New York Rule 23 class members as independent contractors, and paid Plaintiffs and the New York Rule 23 class members time-and-a- half for those hours worked over 40 in one week.

**ANSWER:**     Credico denies the allegations of Paragraph 94.

**COUNT VII**

RETALIATION IN VIOLOATION OF NEW YORK LABOR LAW

95.     Defendants terminated Plaintiff Philip Vasto in retaliation for his assertion that he had been misclassified as an independent contractor. Defendants' termination of Plaintiff Vasto in retaliation for his assertion of his rights under the New York Labor Law violates NYLL, Article 20-C § 740. This claim is brought individually on behalf of Plaintiff Vasto.

**ANSWER:**     Credico denies the allegations of Paragraph 95.

**COUNT VIII**

RETALIATION IN VIOLOATION OF NEW YORK LABOR LAW

96.     Defendants terminated Plaintiff Zao Yang in retaliation for his assertion that he had been misclassified as an independent contractor. Defendants' termination of Plaintiff Yang in retaliation for his assertion of his rights under the New York Labor Law violates NYLL, Article 20-C § 740. This claim is brought individually on behalf of Plaintiff Yang.

**ANSWER:**     Credico denies the allegations of Paragraph 96.

**COUNT IX**

FAILURE TO PAY MINIMUM WAGE IN VIOLATION
OF THE ARIZONA MINIMUM WAGE ACT

97.     During many weeks, Plaintiff Alex Torres and other workers promoting cell phones and wireless service plans in Arizona for Defendants' clients fail to earn the Arizona minimum wage for all hours worked, particularly at the beginning of their employment when they are required to participate in unpaid training. Defendants' knowing and willful failure to pay Plaintiffs and other similarly situated individuals minimum wage violates the Arizona Minimum Wage Act, A.R.S. § 23-362 et seq., and the supporting Industrial Commission of Arizona Regulations.

**ANSWER:**    Credico denies that it knowingly and willfully failed to pay Plaintiffs and other similarly situated individuals minimum wage in violation of the cited Arizona law and regulations. Credico is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 97.

98.    Plaintiff Torres brings this claim as a class action on behalf of similarly situated individuals, i.e. individuals who have worked for Defendants in Arizona promoting their clients' cell phones and wireless service plans, from July 2012 to present, pursuant to Rule 23 of the Federal Rules of Civil Procedure. This action is properly maintainable as a class action under Fed. R. Civ. P. 23(a)-(b).

**ANSWER:**    Credico admits that Plaintiff Torres purports to bring a claim under Arizona law on behalf of himself and a ~~purportedly~~purported class of similarly situated individuals pursuant Rule 23 of the Federal Rules of Civil Procedure Credico denies that Plaintiff can establish such a claim or a class action under Rule 23 and denies the remaining allegations of Paragraph 98.

99.    The members of the Arizona Rule 23 class are readily ascertainable, because the number and identity of the Arizona Rule 23 class members are determinable from the Defendants' records. For the purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under Rule 23.

**ANSWER:**    Credico denies the allegations of Paragraph 99.

100.    The Arizona Rule 23 class members are so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.

**ANSWER:**    Credico denies the allegations of Paragraph 100.

101.    Plaintiff Torres's claims are typical of those claims which could be alleged by any Rule 23 class member, and the relief sought is typical of the relief which would be sought by each Rule 23 class member in separate actions. All the Arizona Rule 23 class members were subject to the same corporate practices of Defendants, as alleged herein, of misclassification as independent contractors and failure to pay minimum wage.

**ANSWER:**    Credico denies the allegations of Paragraph 101.

102.    Plaintiff Torres and other Arizona Rule 23 class members sustained similar losses, injuries, and damages resulting from Defendants' misclassification and failure to pay minimum wage in compliance with the Arizona Minimum Wage Act. Plaintiff Torres and the Arizona Rule 23 class members have all been injured in that they have been uncompensated or

under-compensated due to Defendants' common policies, practices, and patterns of conduct. Defendants' corporate-wide policies and practices affected all Arizona Rule 23 class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each of the Arizona Rule 23 class members.

**ANSWER:**    Credico denies the allegations of Paragraph 102.

103.    Plaintiff Torres is able to fairly and adequately protect the interests of the Arizona Rule 23 class members and has no interests antagonistic to the Arizona Rule 23 class members. Plaintiff Torres is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented many plaintiffs and classes in wage and hour cases.

**ANSWER:**    Credico denies the allegations of Paragraph 103.

104.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants, and are often hesitant to assert their rights out of fear of direct or indirect retaliation. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

**ANSWER:**    Credico denies the allegations of Paragraph 104.

105.    Common questions of law and fact exist as to the Arizona Rule 23 class members that predominate over any questions only affecting Plaintiff Torres and the Arizona Rule 23 class members individually. These questions include whether Defendants paid Plaintiff Torres and the Arizona Rule 23 class members were misclassified as independent contractors, and paid at the proper minimum wage rate for all hours worked.

**ANSWER:**    Credico denies the allegations of Paragraph 105.

## COUNT X

FAILURE TO TIMELY PAY WAGES IN VIOLATION OF THE ARIZONA WAGE ACT

106.    During many weeks, Defendants failed to pay all wages due to Plaintiff Alex Torres and other workers promoting cell phones and wireless service plans in Arizona for Defendants' clients, including minimum wages and overtime wages. Defendants' knowing and willful failure to pay Plaintiff Torres and other similarly situated individuals all wages due violates the Arizona Wage Act, A.R.S. § 23-350, et seq.

**ANSWER:**    Credico denies the allegations of Paragraph 106.

107.    Plaintiff Torres brings this claim as a class action on behalf of similarly situated individuals, i.e. individuals who have worked for Defendants in Arizona promoting their clients' cell phones and wireless service plans, from July 2012 to present, pursuant to Rule 23 of the Federal Rules of Civil Procedure. This action is properly maintainable as a class action under Fed. R. Civ. P. 23(a)-(b).

**ANSWER:**    Credico admits that Plaintiff Torres purports to bring a claim under Arizona law on

behalf of himself and a purported class of similarly situated individuals pursuant to Rule 23 of the

Federal Rules of Civil Procedure Credico denies that Plaintiff can establish such a claim or a class

action under Rule 23 and denies the remaining allegations of Paragraph 107.

108.    The members of the Arizona Rule 23 class are readily ascertainable, because the number and identity of the Arizona Rule 23 class members are determinable from the Defendants' records. For the purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under Rule 23.

**ANSWER:**    Credico denies the allegations of Paragraph 108.

109.    The Arizona Rule 23 class members are so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.

**ANSWER:**    Credico denies the allegations of Paragraph 109.

110.    Plaintiff Torres's claims are typical of those claims which could be alleged by any Rule 23 class member, and the relief sought is typical of the relief which would be sought by each Rule 23 class member in separate actions. All the Arizona Rule 23 class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay all wages due, including minimum wages and overtime wages, as required by the Arizona Wage Act.

**ANSWER:**    Credico denies the allegations of Paragraph 110.

111.    Plaintiff Torres and other Arizona Rule 23 class members sustained similar losses, injuries, and damages resulting from Defendants' failure to pay all wages due, including minimum wages and overtime wages, in compliance the Arizona Wage Act. Plaintiff Torres and the Arizona Rule 23 class members have all been injured in that they have been uncompensated or under-compensated due to Defendants' common policies, practices, and patterns of conduct. Defendants' corporate-wide policies and practices affected all Arizona Rule 23 class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each of the Arizona Rule 23 class members.

**ANSWER:**    Credico denies the allegations of Paragraph 111.

112.    Plaintiff Torres is able to fairly and adequately protect the interests of the Arizona Rule 23 class members and has no interests antagonistic to the Arizona Rule 23 class members.

Plaintiff Torres is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented many plaintiffs and classes in wage and hour cases.

**ANSWER:**    Credico denies the allegations of Paragraph 112.

113.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants, and are often hesitant to assert their rights out of fear of direct or indirect retaliation. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

**ANSWER:**    Credico denies the allegations of Paragraph 113.

114.    Common questions of law and fact exist as to the Arizona Rule 23 class members that predominate over any questions only affecting Plaintiff Torres and the Arizona Rule 23 class members individually. These questions include whether Defendants misclassified Plaintiffs and the Arizona Rule 23 class members as independent contractors, and paid Plaintiff Torres and the Arizona Rule 23 class members all wages due, including minimum wages and overtime wages, as required by the Arizona Wage Act.

**ANSWER:**    Credico denies the allegations of Paragraph 114.

## ANSWER TO PRAYER FOR RELIEF

Credico denies that plaintiffs are entitled to relief against Credico, and Credico requests that the Court dismiss all claims against it with prejudice and other such further relief as the Court deems just and proper.

## ANSWER TO DEMAND FOR JURY TRIAL

Credico denies the allegations of plaintiffs' demand for a jury trial, except to admit that plaintiffs purport to demand a jury trial.

**AFFIRMATIVE AND OTHER DEFENSES**

Credico has not completed its full investigation of the facts of this case, has not completed discovery in this matter, and has not completed its preparation for trial.  The defenses asserted herein are based on Credico's knowledge, information, and belief at this time.  Credico specifically reserves the right to assert additional affirmative or other defenses and/or modify, amend, or supplement any defense contained herein at any time.  Without admitting any of the facts alleged in the First Amended Complaint, Credico asserts and alleges the following separate and additional defenses.  Each and every affirmative defense herein is specifically asserted and alleged against all current and putative individual plaintiffs, including the named plaintiffs, all opt-in plaintiffs to the collective action as of the date of this Answer, any and all future opt-in plaintiffs to the collective action, and any and all putative class members to the Rule 23 classes (collectively referred to herein as "Plaintiffs").  Without assuming any burden of proof, persuasion, or production not otherwise legally assigned to it as to any element of Plaintiffs' claims, Credico asserts the following affirmative and other defenses:

**FIRST DEFENSE**

The First Amended Complaint and each of Plaintiffs' purported claims for relief stated therein fails to state a claim upon which relief can be granted.

**SECOND DEFENSE**

1.     The claims of the named Plaintiffs and any individual alleged to be similarly situated to the named Some or all of Plaintiffs' purported claims for relief are barred in whole or in part by the applicable statute(s) of limitations.

28

2.      On information and belief, the named Plaintiffs and any individual alleged to be similarly situated to the named Plaintiffs are exempt from overtime requirements under the FLSA and applicable state law under the outside sales exemption.

### THIRD DEFENSE

Plaintiffs' First Amended Complaint, and each purported cause of action alleged therein against Credico, is barred by the doctrine of unclean hands.

### FOURTH DEFENSE

By their conduct and/or agreement between the parties, Plaintiffs have released and/or waived any right to recover any relief pursuant to the First Amended Complaint, or any purported cause of action alleged therein.

### FIFTH DEFENSE

Plaintiffs are estopped by their conduct from recovering any relief pursuant to the Complaint, or any purported cause of action alleged therein.

### SIXTH DEFENSE

Plaintiffs are guilty of undue delay in filing and prosecuting this suit, and accordingly, this action is barred by the doctrine of laches.

### SEVENTH DEFENSE

The claims alleged in the First Amended Complaint and relief prayed for therein is barred, in whole or in part, because Plaintiffs consented to and acquiesced in the alleged conduct by Credico of which Plaintiffs now complain.

### EIGHTH DEFENSE

Plaintiffs are barred from relief, in whole or in part, to the extent that their claims are precluded under the doctrines of res judicata and/or collateral estoppel.

**NINTH DEFENSE**

Plaintiffs are barred from relief, in whole or in part, to the extent their claims are precluded under the doctrine of release.

**TENTH DEFENSE**

Plaintiffs are barred from relief, in whole or in part, to the extent it results in an unjust enrichment to Plaintiffs and/or any person on whose behalf relief is sought, including but not limited to the extent to which recovery under one claim would be duplicative of recovery under another.

**ELEVENTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because Credico's acts and/or omissions were excused.

**TWELFTH DEFENSE**

The First Amended Complaint, and each purported cause of action contained therein against Credico, is barred in whole or in part, to the extent the *de minimus* doctrine applies to Plaintiffs' claims.

**THIRTEENTH DEFENSE**

Plaintiffs' First Amended Complaint, and each cause of action therein, is barred by applicable parol evidence rules and judicial authority.

**FOURTEENTH DEFENSE**

Plaintiffs' First Amended Complaint, and each cause of action therein, is barred by Plaintiffs' or applicable third parties' failure to perform under any or all alleged contracts.

### FIFTEENTH DEFENSE

Plaintiffs' First Amended Complaint, and each cause of action therein, is barred because Plaintiffs or applicable third parties materially breached any or all of the alleged contracts.

### SIXTEENTH DEFENSE

Plaintiffs' claims are barred by fraud, illegality, and/or the doctrine of accord and satisfaction.

### SEVENTEENTH DEFENSE

Plaintiffs' claims are barred by valid and binding arbitration agreements.

### EIGHTEENTH DEFENSE

Plaintiffs' First Amended Complaint, and any purported cause of action alleged therein, is barred by Plaintiffs' failure to exhaust administrative and internal remedies available under state and federal laws, including, without limitation, internal company policies and procedures.

### NINETEENTH DEFENSE

The First Amended Complaint, and each purported cause of action contained therein, is barred to the extent Plaintiffs lack the requisite standing to assert each purported cause of action, including, but not limited to, the fact that Plaintiffs lack the requisite standing to seek injunctive relief because they are not currently employed by Credico.  Named plaintiffs also have no standing to serve as adequate class representatives.

### TWENTIETH DEFENSE

Credico is not a proper party to this action.

### TWENTY-FIRST DEFENSE

The First Amended Complaint, and each purported cause of action therein, is barred on the grounds that Plaintiffs are independent contractors as a matter of law.

**TWENTY-SECOND DEFENSE**

Credico was not and/or is not the employer of Plaintiffs.

**TWENTY-THIRD DEFENSE**

Credico did not exert the necessary control over the compensation, hours, and other conditions of Plaintiffs.  As such, Credico is not a joint employer with Cromex or any other non-party subcontractors under the FLSA, New York Labor Laws, Arizona Labor Laws, or any other applicable laws.

**TWENTY-FOURTH DEFENSE**

Credico had no knowledge of, nor should it have had knowledge of, any alleged uncompensated work by Plaintiffs and did not authorize, request, require, suffer, or permit any such activity by Plaintiffs.

**TWENTY-FIFTH DEFENSE**

Credico has fully satisfied, fulfilled, and performed each and every obligation and duty imposed by law or contract, and owes no further obligations to the Plaintiffs, and, therefore, Plaintiffs are barred from maintaining this action against Credico.

**TWENTY-SIXTH DEFENSE**

Plaintiffs were paid in full, and therefore Credico is released from any and all continuing obligations to them.

**TWENTY-SEVENTH DEFENSE**

The actual payments paid to Plaintiffs, which are the subject of this action, were reasonable, appropriate, and commensurate with the services and work actually performed.

### TWENTY-EIGHTH DEFENSE

Plaintiffs' claims are barred in whole or in part because they have not suffered any injury or damage as a result of any actions allegedly taken by Credico.

### TWENTY-NINTH DEFENSE

Credico cannot be liable for any alleged violation of federal or state law because its actions were not unfair, fraudulent, nor likely to mislead, and its conduct and dealings were lawful, as authorized by applicable state and federal statutes, rules, regulations, and such actions, conduct, and dealings were carried out in good faith and for legitimate business purposes.

### THIRTIETH DEFENSE

The named plaintiffs and any individual alleged to be similarly situated to the named plaintiffs are exempt from overtime requirements under the FLSA, New York Labor Laws, and Arizona Labor Laws.

### THIRTY-FIRST DEFENSE

The named plaintiffs and any individual alleged to be similarly situated to the named plaintiffs are exempt from overtime requirements under the FLSA's, New York Labor Law's, and Arizona Labor Law's outside sales exemptions.

### THIRTY-SECOND DEFENSE

3.      On information and belief, theThe named Plaintiffsplaintiffs and any individual alleged to be similarly situated to the named Plaintiffsplaintiffs are exempt from overtime requirements under the FLSA and applicable state law under the Section 7(i) exemption's, New York Labor Law's, and Arizona Labor Law's exemptions for retail and service establishments.

33

### THIRTY-THIRD DEFENSE

The current and any putative members of the putative collective action are not "similarly situated," and therefore this action is not properly maintained as a collective action.

### THIRTY-FOURTH DEFENSE

The claims of the named plaintiffs are not representative of the claims of the members of the putative class, and therefore this action is not properly maintained as a class action or collective action.

### THIRTY-FIFTH DEFENSE

The claims of the named plaintiffs are adverse to the interests and desires of the members of the putative class and therefore this action is not properly maintained as a class action.

### THIRTY-SIXTH DEFENSE

The claims and interests of the named plaintiffs, and Credico's defenses thereto, are not typical of the putative claims or related defenses of the putative class or collective as a whole, and named plaintiffs are not a suitable class representative.  Therefore, named plaintiffs cannot satisfy the prerequisites for a class action set forth in Rule 23 of the Federal Rules of Civil Procedure nor the prerequisites for a collective action set forth under the FLSA.

### THIRTY-SEVENTH DEFENSE

There are no questions of law or fact common to the putative class; rather, individualized questions of law and fact predominate over any semblance of common questions.  In addition, the proof particular to each putative class member's claims and the defenses thereto will vary widely. Therefore, named plaintiffs cannot meet the prerequisites for a class action set forth in Rule 23 of the Federal Rules of Civil Procedure.

### THIRTY-EIGHTH DEFENSE

This case is not properly maintained as a class action because the prosecution of separate actions by individual members of the putative class would not create a risk of inconsistent or varying adjudications or adjudications that, as a practical matter, would be dispositive of the interests of other members not party to the action.

### THIRTY-NINTH DEFENSE

This action is not properly maintained as a class action because concentrating the litigation of the claims of the putative class, as to which individualized facts and proof will predominate, in one particular forum is not desirable.

### FOURTIETH DEFENSE

As applied to this class, class certification pursuant to Rule 23 of the Federal Rules of Civil Procedure and/or collective certification pursuant to the FLSA fails to provide adequate due process protections and would violate the Rules Enabling Act, 28 U.S.C. § 2072, inasmuch as it constitutes trial by formula and unfairly restricts Credico's right to litigate affirmative defenses to the individual claims of Plaintiffs, and therefore denies Credico the protection of the Due Process Clause of the United States Constitution and violates the Rules Enabling Act.

### FOURTY-FIRST DEFENSE

Certification of a class or collective, based upon the facts and circumstances of this case, would constitute a denial of Credico's right to due process under the Fourteenth Amendment to the United States Constitution and the New York State Constitution.

**FOURTY-SECOND DEFENSE**

Plaintiffs' demand, on behalf of themselves and the putative collective, for liquidated damages renders this action inappropriate for treatment as a class action, and award of such damages on an aggregate basis would deny Credico due process.

**FOURTY-THIRD DEFENSE**

Credico's business practices with respect to Plaintiffs have been pursuant to a good faith belief that those practices are in conformity with both federal and state wage laws.  Credico acted in good faith reliance upon the reasonable interpretation of applicable law.

**FOURTY-FOURTH DEFENSE**

Expressly denying that Credico engaged in any unlawful conduct, some or all of the relief requested by Plaintiffs is barred because Credico's actions were not willful.

**FOURTY-FIFTH DEFENSE**

Plaintiffs cannot establish a willful violation under the FLSA, the New York Labor Laws, or the Arizona Labor Laws because, among other reasons, Credico acted at all times on the basis of a good faith and reasonable belief that its actions were in conformity with all applicable federal and state laws.

**FOURTY-SIXTH DEFENSE**

Any recovery on Plaintiffs' First Amended Complaint, or any cause of action contained therein, may be barred by Credico's compliance or substantial compliance with all applicable laws underlying Plaintiffs' claims.

**FOURTY-SEVENTH DEFENSE**

4.      Plaintiff'sPlaintiffs' claims are barred or should be reduced, in whole or in part, by exclusions, exceptions, credits, recoupment, or offsets permissible under the FLSA and the NYLL, the New York Labor Laws, or the Arizona Labor Laws.

5.      Plaintiff cannot establish a willful violation under the FLSA or the NYLL.

**FOURTY-EIGHTH DEFENSE**

The First Amended Complaint, and each purported cause of action contained therein, is barred in whole or in part, to the extent that damages, if any, resulted from the acts and/or omissions of Plaintiffs or any person on whose behalf relief is sought.

**FOURTY-NINTH DEFENSE**

The damages and matters complained of by Plaintiffs were caused, in whole or in part, by superseding and intervening acts of other parties and/or third parties, including Plaintiffs, over whom Credico had no control and for whose actions Credico is not legally responsible.  Plaintiffs' alleged damages, if any, therefore are not recoverable from Credico.  In the alternative, any damages which Plaintiffs may be entitled to recover against Credico, if any, must be reduced to the extent that such damages are attributable to the intervening acts and/or omissions of persons or entities other than Credico.

**FIFTIETH DEFENSE**

Plaintiffs may not recover liquidated damages because (1) Credico acted at all times in good faith and did not commit any willful violation of state and federal laws; (2) Credico did not authorize or ratify any such willful violation; and/or (3) plaintiffs have failed to state facts sufficient to support an award of such damages against Credico.

**FIFTY-FIRST DEFENSE**

Credico alleges, without conceding that there are any wages and/or monies due, that there exists a good faith dispute regarding the payment of wages and/or monies, and, therefore, penalties are not warranted.

**FIFTY-SECOND DEFENSE**

The damages alleged by Plaintiffs, if any, were not proximately caused by any unlawful policy, custom, practice, and/or procedure promulgated and/or tolerated by Credico.

**FIFTY-TIHRD DEFENSE**

There is no basis in law or fact for Plaintiffs to recover attorneys' fees, costs, expenses, or interest associated with this litigation.

**FIFTY-FOURTH DEFENSE**

Plaintiffs have suffered no damages as a result of any alleged act or omission of Credico, and even if Plaintiffs have suffered damages or injuries, all or some portion of said damages or injuries were caused or attributable to Plaintiffs' failure to take reasonable action to mitigate said damages or injuries, if any.

**FIFTY-FIFTH DEFENSE**

Plaintiffs have an adequate remedy at law. Therefore, injunctive, equitable, and/or declaratory relief is inappropriate.

**FIFTY-SIXTH DEFENSE**

Any penalties and fines sought are unconstitutional and excessive under the United States Constitution, and specifically under the Excessive Fines Clause of the Eighth Amendment, U.S. Const. Amend. VIII, and the Due Process Clause of the Fourteenth Amendment, U.S. Const. Amend. XIV, Section 1.

**FIFTY-SEVENTH DEFENSE**

Any claims for penalties are barred to the extent private actions seeking statutory penalties manifest an unlawful delegation of executive or other authority.

**FIFTY-EIGHTH DEFENSE**

Any award of restitution would constitute a taking of property without just compensation in violation of the Takings Clause of the Fifth Amendment to the United States Constitution (as incorporated into the Fourteenth Amendment to the United States Constitution), Article I, Section 7 of the New York State Constitution, and Article II, Section 4 of the Arizona Constitution.

**FIFTY-NINTH DEFENSE**

Plaintiffs' claims are barred in whole or in part by the provisions of Section 4 of the Portal-to-Portal Act, 29 U.S.C. § 254, as to all hours during which plaintiffs were engaged in activities which were preliminary or postliminary to their principal activities.

**SIXTIETH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by the provisions of Section 4 of the Portal-to-Portal Act, 29 U.S.C. § 254, as to all hours during which they were engaged in certain activities which were non-compensable, such as taking breaks, taking care of personal business, or traveling to the actual place of performance.

**SIXTY-FIRST DEFENSE**

Plaintiffs claims are barred to the extent that Plaintiffs did not work more than forty (40) hours in one workweek.

**SIXTY-SECOND DEFENSE**

Plaintiffs claims are barred by the provisions of Section 101 of the Portal-to-Portal Act, 29 U.S.C. § 259, because all actions taken in connection with Plaintiffs' compensation was done in

good faith in conformity with and in reliance upon written administrative regulations, orders, rulings, approvals, interpretations, and written and unwritten administrative practices or enforcement policies of the Administrator of the Wage and Hour Division of the United States Department of Labor.

### SIXTY-THIRD DEFENSE

Plaintiffs' damages claims are barred, in whole or in part, by the provisions of Section 11 of the Portal to Portal Act, 29 U.S.C. § 260, because the acts or omissions complained of were done in good faith and with reasonable grounds for believing that the acts or omissions were not in violation of the FLSA or any other applicable laws.

### SIXTY-FOURTH DEFENSE

As a matter of constitutional right and substantive due process, Credico would be entitled to contest by jury trial its liability to any particular individual plaintiff, even if the collective and/or representatives of the purported plaintiff class prevail on their claims.  Trying this case as a class or collective action would violate the United States Constitution, the New York State Constitution, and the Arizona Constitution.

### SIXTY-FIFTH DEFENSE

The applicable state law sections under which Plaintiffs purport to bring these claims are facially ambiguous and violate due process notions pursuant to the United States Constitution.

### SIXTY-SIXTH DEFENSE

The First Amended Complaint, and each purported cause of action therein, is barred in whole or in part under the doctrine of federal preemption, including but not limited to, the preemption of named plaintiffs' state law tort claims for retaliatory discharge.

## SIXTY-SEVENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the Commerce Clause of the United States Constitution because they purport to regulate interstate commerce and impermissibly place an undue burden on interstate commerce.

## SIXTY-EIGHTH DEFENSE

Named plaintiffs' retaliation claims are barred because all of Credico's actions with respect to named plaintiffs were taken solely for legitimate, business reasons unrelated to any alleged protected activity or any alleged unlawful employment practices, discrimination, or retaliation.

## SIXTY-NINTH DEFENSE

Named plaintiffs' retaliation claims are barred because Credico did not engage in the alleged discrimination or retaliation set forth in the First Amended Complaint, but even assuming that they did, Credico would have taken the same employment actions in any event for legitimate, non-discriminatory, non-retaliatory, non-pretextual reasons.

## SEVENTIETH DEFENSE

Credico denies all allegations not expressly admitted and specifically reserves the right to amend this Answer and to raise any additional defenses, cross-claims, and third party claims, not asserted herein as may be warranted by the revelation of information during discovery and investigation, including but not limited to the delineation of such defenses against the putative class members because no class has been certified, and the putative class members are not parties to this litigation.

WHEREFORE, Credico asks this Court to dismiss plaintiffs' First Amended Complaint, enter judgment in favor of Credico, award Credico its reasonable costs, and grant Credico such other and further relief as the Court deems appropriate.

Dated: July 11, 2016                                   GIBSON, DUNN & CRUTCHER LLP

                                        By:      /s/ Gabrielle Levin

                                             Gabrielle Levin
                                             Jennifer H. Rearden
                                             200 Park Avenue, 48th Floor
                                             New York, New York 10166
                                             Telephone:  212.351.3901
                                             Facsimile:  212.351.5301
                                             glevin@gibsondunn.com
                                             jrearden@gibsondunn.com

                                             Theodore J. Boutrous, Jr.
                                             (*Pro Hac Vice Forthcoming*)
                                             333 South Grand Avenue
                                             Los Angeles, CA 90071-3197
                                             Telephone:  213.229.7000
                                             Facsimile:  213.229.7520
                                             TBoutrous@gibsondunn.com

                                             Jason C. Schwartz
                                             (*Pro Hac Vice Forthcoming*)
                                             Greta B. Williams
                                             (*Pro Hac Vice Forthcoming*)
                                             1050 Connecticut Avenue, N.W.
                                             Washington, DC 20036-5306
                                             Telephone:  202.955.8500
                                             Facsimile:  1 202.467.0539
                                             JSchwartz@gibsondunn.com
                                             GBWilliams@gibsondunn.com

                                             *Attorneys for Defendant Credico (USA) LLC*

Respectfully submitted,

Dated: February 4, 2016

By:  /s/ Jason A. Zoldessy
Jason A. Zoldessy
Douglas J. Klein
JACKSON LEWIS P.C.
666 Third Avenue
New York, New York 10017
Telephone:      (212) 545-4000
Facsimile:      (212) 972-3213

Kathryn Montgomery Moran (admitted *pro hac vice*)
Jeffrey L. Rudd (admitted *pro hac vice*)
JACKSON LEWIS P.C.
150 N. Michigan Ave., Suite 2500
Chicago, Illinois 60601
Telephone:      (312) 787-4949
Facsimile:      (312) 787-4995

*ATTORNEYS FOR DEFENDANT*
*CREDICO (LLC) USA*

CONV - 85 - 2016.02.04 AMENDED ANSWER TO AMENDED COMPLAINT.DOCX

| Legend: |  |
|---|---|
| Insertion |  |
| Deletion |  |
| Moved from |  |
| Moved to |  |
| Style change |  |
| Format change |  |
| Moved deletion |  |
| Inserted cell |  |
| Deleted cell |  |
| Moved cell |  |
| Split/Merged cell |  |
| Padding cell |  |

| Statistics: |  |
|---|---|
|  | Count |
| Insertions | 233 |
| Deletions | 70 |
| Moved from | 1 |
| Moved to | 1 |
| Style change | 0 |
| Format changed | 0 |
| Total changes | 305 |