```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  7|18|16
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X

PHILIP VASTO, ZAO YANG, ALEX TORRES, and
XIAOJ ZHENG, *individually and on behalf of all others
similarly situated*,

                              Plaintiffs,

             -v-

CREDICO (USA) LLC, CROMEX INC., JESSE
YOUNG, AND MEIXI XU,

                           Defendants.

-------------------------------------------------------------X

15 Civ. 9298 (PAE)

OPINION & ORDER

PAUL A. ENGELMAYER, District Judge:

      Plaintiffs bring this action on behalf of themselves and similarly situated persons, alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, New York Labor Law ("NYLL"), Article 6 §§ 190 *et seq.*, and Article 19 §§ 650 *et seq.*, the Arizona Wage Act ("AWA"), Ariz. Rev. Stat. §§ 23-350 *et seq.*, and the Arizona Minimum Wage Act ("AMWA"), Ariz. Rev. Stat. §§ 23-362 *et seq.*  Plaintiffs allege that defendants Credico (USA) LLC ("Credico"), Cromex Inc. ("Cromex"), Jesse Young ("Young"), and Meixi Xu (also known as "Corona") maintained unlawful employment practices, including misclassifying their employees as independent contractors and thereby failing to pay minimum wage or overtime compensation at the statutorily required rates for employees.

      Credico now moves, pursuant to Federal Rule of Civil Procedure 15(a), for leave to file a Second Amended Answer to plaintiffs' First Amended Complaint ("FAC").  Dkt. 145.  For the following reasons, Credico's motion is granted.

I.      **Background**

On July 27, 2015, plaintiffs filed a complaint in the Northern District of Illinois, bringing claims, on behalf of themselves and other similarly situated employees, against defendants under the FLSA, NYLL, AWA, and AMWA.  Dkt. 1.  On July 30, 2015, plaintiffs filed the FAC.  Dkt. 6.  On September 28, 2015, Credico answered.  Dkt. 26.

On November 9, 2015, this case was transferred to this District.  Dkt. 46.  On December 22, 2015, plaintiffs moved for conditional certification.  Dkt. 82.  On February 4, 2016, Credico filed an amended answer.  Dkt. 85.  On May 5, 2016, the Court granted plaintiffs' motion for conditional certification of a collective consisting of all persons who conducted face-to-face marketing work for Credico and its subcontractor companies in the United States, while classified as independent contractors, at any point during the three years preceding the issuance of a court-approved notice.  Dkt. 113.

On June 10, 2016, the Court approved the parties' Civil Case Management Plan and Scheduling Order ("Case Management Plan").  Dkt. 124.  Pursuant to that order, all fact discovery shall be completed by January 16, 2017.  *Id.* ¶ 5; *see also* Dkt. 118.  The Case Management Plan states that "[a]ny motion to amend . . . shall be filed [by July 11, 2016]."  Dkt. 124, ¶ 3.

On July 11, 2016, Credico moved for leave to file a Second Amended Answer ("SAA") to plaintiffs' FAC.  Dkt. 145.  The proposed SAA asserts a number of additional affirmative defenses.  *See id.*, Ex. B.  On July 13, 2016, plaintiffs filed an opposition to Credico's motion.  Dkt. 153.  On July 14, 2016, Credico replied.  Dkt. 155.

## II.    Applicable Legal Standards

Federal Rule of Civil Procedure 15(a)(2) states that a court "should freely give leave [to amend a pleading] when justice so requires."  The Supreme Court has directed courts to grant leave to amend under Rule 15 in the absence of factors "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Santiago v. Pressley*, No. 10 Civ. 4797 (PAE), 2011 WL 6748386, at *5 (S.D.N.Y. Dec. 23, 2011) (citing *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200–01 (2d Cir. 2007)). Delay alone, in the absence of bad faith or prejudice, is usually not a sufficient reason for denying a motion to amend. *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008); *Rachman Bag Co. v. Liberty Mut. Ins. Co.*, 46 F.3d 230, 234–35 (2d Cir. 1995); *Green v. Dist. Council 1707, Am. Fed'n of State, Cty., & Mun. Employees, AFL-CIO*, No. 13 Civ. 8671 (PAE), 2015 WL 4621107, at *1 (S.D.N.Y. Aug. 3, 2015).  The non-moving party has the burden to show any prejudice of the proposed amendment. *See, e.g., Lamont v. Frank Soup Bowl, Inc.*, 99 Civ. 12482 (JSM) (HBP), 2000 WL 1877043, at *2 (S.D.N.Y. Dec. 27, 2000); *Herbert Constr. Co. v. Titan Indem. Co.*, No. 94 Civ. 1261 (RLC), 1996 WL 254859, at *2 & n.3 (S.D.N.Y. May 15, 1996).

## III.    Discussion

Applying these standards, the Court grants Credico's motion to file an SAA.  Each of the factors bearings on the propriety of an amendment favor permitting the amendment here.

First, there is no evidence whatsoever of bad faith.  Second, Credico's motion was not unduly delayed.  To the contrary, it was filed within the deadline set by the Case Management

3

Plan. *See* Dkt. 124, ¶ 3.  It is, therefore, *per se* timely.[1]  *See Loftex USA LLC v. Trident Ltd.*, No. 11 Civ. 9349 (PAE), 2012 WL 5877427, at *4 (S.D.N.Y. Nov. 20, 2012) (proposed amendment did not reflect bad faith or undue delay where plaintiff "abided by the schedule proposed by the parties and set by the Court"); *Duling v. Gristede's Operating Corp.*, 265 F.R.D. 91, 97 (S.D.N.Y. 2010) (no undue delay when motion to amend was made within deadline stipulated in scheduling order).

Third, there is no indication of prejudice.  In determining what constitutes prejudice, a court considers whether the amendment would "(i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction."  *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993) (collecting cases).  None of these factors is implicated here.  The amendment request was made at a very early stage of the litigation—less than one-and-a-half months into fact discovery.  To the extent that this amendment would cause the need for any additional discovery, there is ample time to take such discovery.  *See Green*, 2015 WL 4621107, at *2; *Affiliated FM Ins. Co. v. Liberty Mech. Contractors, Inc.*, No. 12 Civ. 5160 (KPF), 2013 WL 4526246, at *7 (S.D.N.Y. Aug. 27, 2013) ("As discovery is ongoing, and trial is not anticipated to begin for several months, the amendment would not significantly delay the resolution of this case.").  This case is thus easily

---

[1] The approximately one-year interval between the filing of the FAC and the motion to amend is not excessively lengthy, especially given the intervening transfer and motion for conditional certification.  Courts in this Circuit have often countenanced amendments made after longer periods.  *See, e.g.*, *State Teachers Retirement Bd. v. Fluor Corp.*, 654 F.2d 843, 848, 856 (2d Cir. 1981) (permitting amendment three years after complaint was filed); *Ruggles v. Wellpoint, Inc.*, 687 F. Supp. 2d 30, 34 (N.D.N.Y. 2009) (adding defendants 16 months after collective action complaint was filed and after close of opt-in period); *Journal Pub. Co. v. Am. Home Assur. Co.*, 771 F. Supp. 632, 636–37 (S.D.N.Y. 1991) (permitting amendment three and a half years after complaint was filed); *Green v. Wolf Corp.*, 50 F.R.D. 220, 223 (S.D.N.Y. 1970) (same, nearly four years after complaint was filed).

distinguished from those cited by plaintiffs, where a request to amend was made at the eleventh hour, on the brink of trial or a motion for summary judgment.[2]  This amendment should not delay, at all, the progress of this case.  *See Krumme v. WestPoint Stevens Inc.*, 143 F.3d 71, 88 (2d Cir. 1998) ("One of the most important considerations in determining whether amendment would be prejudicial is the degree to which it would delay the final disposition of the action." (internal quotation marks and citation omitted)).

Plaintiffs argue that they will be prejudiced by the amendment because the parties have already briefed the issue of conditional certification and because notice of this lawsuit has been sent to putative class members.  However, plaintiffs offer no explanation for how permitting amendment after the resolution of the motion for conditional certification, which the Court granted, and the distribution of the corresponding notice and consent forms, will result in prejudice to plaintiffs.  It should not.

Finally, plaintiffs do not claim that the proposed amendment is futile.  Without expressing any view at this early stage as to the merits of the proposed additional defenses, the Court holds that they are not futile arguments.

---

[2] *See, e.g., Ansam Assocs., Inc. v. Cola Petroleum, Ltd.*, 760 F.2d 442, 446 (2d Cir. 1985) ("[P]ermitting the proposed amendment would have been especially prejudicial given the fact that discovery had already been completed and Cola had already filed a motion for summary judgment."); *Themis Capital, LLC v. Democratic Republic of Congo*, No. 09 Civ. 1652 (PAE), 2013 WL 1687198, at *5 (S.D.N.Y. Apr. 18, 2013) (amendment made "on the eve of a motion for [ ] summary judgment," after discovery had been ongoing for eight months, would prejudice plaintiffs by "defer[ring] the anticipated summary judgment motion by several months"); *Franconero v. Universal Music Corp.*, No. 02 Civ. 1963 (BSJ), 2011 WL 566794, at *6 (S.D.N.Y. Feb. 11, 2011) (denying leave to amend because movant waited nine years and made the request "[w]ell after briefing on Defendant's motion for summary judgment was complete"); *Zubulake v. UBS Warburg LLC*, 231 F.R.D. 159, 162 (S.D.N.Y. 2005) (denying leave to amend because defendants "waited twenty-two months, until the eve of trial, to assert the defense").

## CONCLUSION

For the foregoing reasons, the Court grants Credico's motion to file a Second Amended Answer to plaintiffs' First Amended Complaint.  The Clerk of Court is respectfully directed to terminate the motion pending at docket number 145.  Credico is directed to file the Second Amended Answer as a separate docket entry no later than Wednesday, July 20, 2016.

SO ORDERED.

Paul A. Engelmayer
United States District Judge

Dated: July 18, 2016
       New York, New York

6