**MANDATE**

17-3870
*Vasto v. Credico (USA) LLC*

N.Y.S.D. Case #
15-cv-9298(PAE)

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of April, two thousand nineteen.

**PRESENT:**

  **BARRINGTON D. PARKER,**
  **PETER W. HALL,**
  **CHRISTOPHER F. DRONEY,**
   *Circuit Judges.*

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: May 03 2019

PHILIP VASTO, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, ZAO YANG, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, ALEX TORRES, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, XIAOJ ZHENG, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,

   *Plaintiffs-Appellants,*
v.                 No. 17-3870

CREDICO (USA) LLC, CROMEX INC., MEIXI XU,

   *Defendants-Appellees,*

JESSE YOUNG,

   *Defendant.*

1

MANDATE ISSUED ON 05/03/2019

| | |
|---|---|
| Appearing for *Plaintiffs-Appellants*: | ERIC H. JASO (Jason Spiro, *on the brief*), Spiro Harrison, Short Hills, NJ. |
| Appearing for *Defendant-Appellee Credico*: | JASON C. SCHWARTZ (Greta B. Williams, Ryan C. Stewart, Gibson, Dunn & Crutcher LLP, Washington, DC, Theodore J. Boutrous Jr., Gibson, Dunn & Crutcher LLP, Los Angeles, CA, *on the brief*), Gibson, Dunn & Crutcher LLP, Washington, DC. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Engelmayer, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment entered on October 31, 2017, is **AFFIRMED**.

Plaintiffs-Appellants Philip Vasto, Zao Yang, Alex Torres, and Xiaoj Zheng ("Plaintiffs") appeal from the judgment of the district court in favor of Defendants-Appellees Credico (USA) LLC ("Credico"), Cromex Inc. ("Cromex"), and Cromex's owner, Meixi Xu (collectively, "Defendants"). Plaintiffs each worked as Agents for Cromex for brief periods in 2015. Cromex was a subcontractor for Credico, which in turn was retained by Sprint to solicit customers for its Assurance Wireless brand phones and services, a government-subsidized program providing mobile services to qualifying low-income households. To that end, Plaintiffs met at Cromex's office each morning for "atmosphere meetings," spent most of the day in the field soliciting or collecting Assurance Wireless applications, and then, upon returning to the office, participated in a

2

"bell and gong" ritual during which they would announce the number of customers they had signed up that day. App. 609–12.

Plaintiffs later brought this putative class action, insisting that they were misclassified as independent contractors, rather than employees, in violation of the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. §§ 201 *et seq.*, as well as New York and Arizona labor laws.[1] The district court granted summary judgment to Defendants, concluding that Credico was not Plaintiffs' joint employer and, in any event, Plaintiffs were outside salespersons exempt from wage-and-hour protections. This appeal follows. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review a district court's grant of summary judgment de novo. *Munoz-Gonzalez v. D.L.C. Limousine Serv., Inc.*, 904 F.3d 208, 212 (2d Cir. 2018). Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

Plaintiffs challenge the district court's conclusion that, assuming Plaintiffs were employees, Credico was not their joint employer. But even assuming Credico was their joint employer (and that Plaintiffs were employees rather than independent contractors),

---

[1] Plaintiffs Vasto and Yang also claimed retaliation, but they have abandoned that claim on appeal. *See LoSacco v. City of Middletown*, 71 F.3d 88, 92–93 (2d Cir. 1995).

3

we agree with the district court that Plaintiffs were outside salespeople and thus exempt from the FLSA's wage-and-hour protections.

"Congress enacted the Fair Labor Standards Act some eighty years ago in order to correct 'labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers.'" *Flood v. Just Energy Mktg. Corp.*, 904 F.3d 219, 227 (2d Cir. 2018) (quoting 29 U.S.C. § 202(a)). Certain classes of employees, however, do not enjoy the FLSA's minimum-wage and overtime protections. Among these are the "outside salesman." 29 U.S.C. § 213(a)(1). "[T]he Department of Labor has suggested that [this and other] exemptions were generally based 'on the belief that [such] workers exempted typically earned salaries well above the minimum wage, and they were presumed to enjoy other compensatory privileges such as above average fringe benefits and better opportunities for advancement, setting them apart from the nonexempt workers entitled to overtime pay.'" *Flood*, 904 F.3d at 227 (quoting Defining and Delimiting the Exemptions for Executive, Administrative, Professional, Outside Sales and Computer Employees, 69 Fed. Reg. 22122-01, 22123–24, 2004 WL 865626 (Apr. 23, 2004)); *see also Christopher v. SmithKline Beecham Corp.*, 567 U.S. 142, 166 (2012).

The FLSA is a remedial law, and its exemptions were previously narrowly construed to that end. *See, e.g., Reiseck v. Universal Commc'ns of Miami, Inc.*, 591 F.3d 101, 104 (2d Cir. 2010). But no longer. "Those exemptions are as much a part of the FLSA's

4

purpose as the overtime-pay requirement," and courts therefore "have no license to give the exemption anything but a fair reading." *Encino Motorcars, LLC v. Navarrow*, 138 S. Ct. 1134, 1142 (2018).

As relevant here, the FLSA provides an exemption for "any employee employed . . . in the capacity of outside salesman (as such [term is] defined and delimited from time to time by regulations of the Secretary . . .)." 29 U.S.C. § 213(a)(1). The Secretary has in turn defined outside salesman to include any employee

(1) Whose primary duty is:
   (i) Making sales within the meaning of section 3(k) of the Act, or
   (ii) Obtaining orders or contracts for services or for the use of facilities for which a consideration will be paid by the client or customer; and
(2) Who is customarily and regularly engaged away from the employer's place or places of business in performing such primary duty.

29 C.F.R. § 541.500(a).

Plaintiffs do not dispute that they were "customarily and regularly engaged away from the employer's place or places of business," *see id.* § 541.500(a)(2), and they have forfeited any challenge to the district court's conclusion that the transactions at issue were sales (despite no money changing hands[2]) by raising that challenge only in a footnote, *see, e.g.*, *Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998). Instead, Plaintiffs focus on the fact that the applications they solicited were not necessarily binding. But we have

---

[2] The district court aptly described the transactions as follows: "qualifying applicants effectively possessed (courtesy of the federal program) a 'virtual voucher' for Lifeline Program services, and the field agents' job was to persuade these applicants to spend that voucher on Sprint." Sp. App. 37–38.

5

recently rejected that position: "In sum, the outside salesman exemption does not require that the employee have the ultimate authority to bind the customer or close the deal. It is enough that the employee secures a customer's commitment to engage in a sales transaction as the term 'sale' is broadly defined by the law." *Flood*, 904 F.3d at 233.

Plaintiffs also protest that they lacked any indicia of outside salespersons, relying on what is arguably dicta in *Christopher*.[3] They stress that they were poorly paid and subject to strict supervision. But as we have noted, these factors do not appear in the regulation defining "making sales" and instead are included in the regulations concerning the "analytically distinct issue of whether an employee's 'primary duty' is 'making sales,' rather than whether those duties amount to 'making sales' at all." *Id.* at 233–34; *see also id.* at 234 ("So there is good reason to doubt the weight that any unwritten 'external indicia' should be given when deciding if an employee is 'making sales' as defined under the outside salesman exemption."). While we have not decided whether the indicia mentioned in *Christopher* are relevant to the outside sales exemption following the Supreme Court's decision in *Encino*, we have found that supervision alone is not enough to preclude application of the exemption because "the absence of substantial supervision has never been a precondition to the application of the outside salesman exemption." *Id.*

---

[3] After concluding that the petitioners in that case were outside salespeople, the Supreme Court stated, "That petitioners bear all of the external indicia of salesmen provides further support for our conclusion." *Christopher*, 567 U.S. at 165.

6

That leaves Plaintiffs' argument that they were poorly compensated and that their jobs were therefore outside of what Congress apparently contemplated when enacting the exemption. *See, e.g., id.* at 227 (discussing exemptions in the context of employees with "salaries well above the minimum wage"). Here too, *Flood* controls. "Although [Plaintiffs] invoke[] the purported 'spirit and purpose' of the FLSA to suggest that [poor compensation] negates the reason for an outside salesman exemption, '[i]t is quite mistaken to assume . . . that whatever might appear to further the statute's primary objective must be the law.'" *See id.* at 234–35 (some alterations in original) (quoting *Encino Motorcars, LLC*, 138 S. Ct. at 1142). "In the absence of words in the statute or regulation that require consideration of [the plaintiff's level of compensation] when deciding if an employee is 'making sales,' we decline to add a ['subject to compensation'] exception to the 'making sales' requirement of the outside salesmen exemption under the FLSA." *Id.* at 235

To the extent that Plaintiffs raise state law claims under New York and Arizona law, we affirm the dismissal of these claims for substantially the reasons given by the district court. We have considered Plaintiffs' remaining arguments and find them to be without merit. The judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

7